JAMES E. GILLESPIE *vs.* JOHN WILDER.

Evidence that A., owning certain stock, offered to pay B. a commission if B. would sell it, and told him to communicate any offer for it, but did not name a price; that B. procured an offer of a sum which A. refused, naming a higher price; that B. then, after a conversation with C. about buying the stock, wrote to A. that he thought that A. could sell C. the stock if A. would meet C. at a certain time and place; and that A. met C. accordingly and sold him the stock at the higher price; will not support an action by B. against A. for the commission.

CONTRACT. The declaration alleged that the defendant owed the plaintiff $150 "for services and commissions for negotiating and bargaining and selling" for the defendant, at his request, forty-one shares in the stock of the Gillespie Governor Company, a corporation, "which stock was bargained and sold for

him for $2400." The answer alleged that "the plaintiff never rendered the defendant any such services, and the plaintiff did not negotiate and bargain and sell for the defendant said stock, and said stock was not bargained and sold for the defendant."

The plaintiff testified that the defendant, owning the shares in question, "said he was willing to pay me a liberal commission, if I would sell his stock for him, — what was right, — and if I had any offer for the stock to come to him and let him know. I don't know that he mentioned any price then. I got a party to make an offer of $2100, but the defendant declined to take it, saying that he wanted to get $2400 for it. I had a conversation with John Rogers about buying the stock, and wrote to the defendant, saying to him that if he would meet Rogers the next day at the office of Gales Coffin, I thought he could sell him the stock. I wrote him that he was to pretend to Rogers that he wanted to sell him some land, and then afterwards offer him the stock. I have called on the defendant to pay me, as he had agreed to, but he has never done it. I was about two months endeavoring to effect a sale. The defendant never told me not to sell it, but continually urged me to do so, and said he was willing to pay me a good round commission for doing so."

Coffin testified "that the defendant and Rogers met at his office at the time referred to, and that there the stock was sold by the defendant to Rogers, and the certificate delivered over to him; that the stock was sold for $2400, $2000 in a check and the balance on time."

The defendant asked for a ruling that upon this evidence the plaintiff could not recover, because the evidence did not support the declaration; and the judge ruled that, though the jury might find that the plaintiff had rendered services for the defendant for which he was entitled to compensation, yet upon the evidence he could not recover without amending his declaration. The plaintiff declined to amend; and thereupon the judge directed a verdict for the defendant; and the plaintiff alleged exceptions.

*F. W. Sawyer,* for the plaintiff.

*C. M. Ellis,* for the defendant, was not called upon.

COLT, J. This action is to recover commissions for nego-

tiating and selling certain shares of stock in a corporation. The whole evidence produced negatives any sale of the stock by the plaintiff. The sale was actually effected by the defendant in the absence of the plaintiff. The services rendered for the defendant were not those stated in the declaration. If of any value to the defendant, and rendered at his request, upon promise of compensation, express or implied, they may be recovered for under a count properly framed. *Exceptions overruled.*