Henry B. Smith, Appellant, v. Philip McGovern, Respondent.

(Argued January 13, 1875; decided May term, 1875.)

This action was brought to recover commissions alleged to have been earned by plaintiff's firm as real estate brokers. Plaintiff's evidence tended to establish that defendant placed in the hands of his firm for exchange certain premises situate in New York. Soon thereafter they showed him a lot of land owned by one Cameron, which the latter desired to exchange. Defendant authorized the firm to negotiate an exchange, he to receive a difference of $1,500, Cameron was willing to pay only $500. The firm afterward stated to defendant that if he would take $1,000 they could undoubtedly get Cameron to pay it. Defendant, however, was unwilling to take less than $1,500. Cameron mentioned the negotiations to one Halbaum, also a real estate broker, and told him he would probably be willing to pay $1,000. Defendant had before that time also placed his property in Halbaum's hands for sale. At this time Cameron employed him to sell his lot.

Halbaum brought Cameron and defendant together, and the exchange was effected for $1,000. Both plaintiff and Cameron paid Halbaum a commission, defendant knowing, however, that plaintiff's firm claimed commissions. At the close of plaintiff's evidence, defendant's counsel moved to dismiss the complaint upon the ground that plaintiff's evidence failed to show that the two parties to the agreement were ever brought together or agreed upon any terms through the agency of plaintiff's firm. The motion was denied. *Held*, no error; that under plaintiff's evidence it was for the jury to determine whether plaintiff's firm was the procuring cause of the exchange.

The court charged, that to enable plaintiff to recover, three things were necessary: 1. An employment of his firm as brokers. 2. The original discovery of a purchaser and a starting of a negotiation by said firm. 3. A final closing through the efforts of the firm by or on behalf of defendant with Cameron. Also, that if defendant employed two brokers, that one effected the sale who brought the minds of the parties to meet; and if they found that the action of plaintiff's firm did direct the attention of Cameron to defendant's property as property for sale or exchange, and that led to negotiations, and their actions induced the minds of defendant and Cameron to meet on the subject, resulting in the exchange, their agency was the procuring cause of the exchange. To this latter portion defendant's counsel excepted. *Held*, no error. (*Lyon* v. *Mitchell*, 36 N. Y., 235; *Stillman* v. *Mitchell*, 2 Robt., 523; *Sussdorff* v. *Schmidt*, 55 N. Y., 319; *Lloyd* v. *Matthews*, 51 id., 124.)

*C. M. Marsh* for the appellant.

*John Hardy* for the respondent,

EARL, C., reads for reversal.

All concur.

Order of General Term reversed and judgment on verdict affirmed.