LETTIE E. STREETER *vs.* GEORGE WILKINSON.

November 30, 1877.

Administrator's Sale.—Confirmation by the Probate Court—Time within which Sale may be Vacated—Gen. Laws 1864, c. 45, § 2, held Constitutional.—The limitation of time fixed by section 2, *c.* 45, Gen. Laws 1864, within which an administrator's sale theretofore confirmed by the probate court that granted the license may be attacked and vacated, because of any irregularity or omission in the proceedings before the sale, not affected with fraud, was a valid and binding exercise of legislative power.

Appeal by plaintiff from a judgment of the district court for Goodhue county, upon an action in partition tried before *Crosby,* J., and adjudging that plaintiff was not the owner of any part of the property in controversy.

*E. T. Wilder* and *J. C. McClure,* for appellant.

*Colvill & Hoyt* and *Palmer & Bell,* for respondent.

CORNELL, J. By section 2, c. 45, of the General Laws of 1864, enacted March 3, 1864, it is provided "that in all cases when a probate court shall hereafter make an order ratifying and confirming a sale of the real estate of any deceased person, minor or ward, made by any executor, administrator or guardian, no proceedings shall be had to set aside or vacate such sale after the expiration of two years from the date and entry of such order of confirmation of said sale; and if said order of confirmation has been heretofore made, no proceedings shall be had to set aside and vacate said sale after the expiration of two years from the passage of this act, and the conveyances of the executor, administrator or guardian, made in pursuance of any such sale, shall not, after the expiration of said two years, be voided by any court for any irregularity or omission in the proceedings before the sale, unless it shall appear that there was fraud in the acts of the judge of probate, executor, administrator, guardian or purchaser, either or all, whereby injury results to the estate of such deceased person, minor or ward."

The property in controversy is claimed by respondent under an administrator's sale, made pursuant to a license granted for the purpose of paying the debts of a decedent, intestate, and confirmed by the probate court of Goodhue county, in June, 1860, and a deed of conveyance thereupon duly executed, and possession then taken and ever since held thereunder. Appellant who was a minor child of the decedent at the time of his decease, claims title to the property by right of inheritance as an heir at law of the intestate. Under the statute in force, at the time the proceedings connected with the sale took place, limiting the time within which alone

an action for the recovery of any estate held under such a sale could be brought by any heir or other person claiming under a deceased testator or intestate, adult heirs or claimants were allowed five years from the date of sale, and minors a like period after attaining majority, within which to commence such an action, and contest the validity of the sale. Pub. St. *c*. 39, §§ 50–51.

In this case no administrator's bond, as then required by statute, was given prior to the sale. This was then an essential prerequisite to its validity in case of a contest by the heirs of the decedent. Under the then existing laws the appellant, being a minor heir, had the undoubted right, at any time before the end of five years next after reaching his majority, to bring an action to recover his estate and contest the validity of the sale, and such period of limitation had not expired when this action was commenced. If, however, the act of March 3, 1864, is applicable to the present case, and legally operated to restrict and limit the exercise of such his right, to the period of two years next after its passage, then this action was brought too late and is barred by that statute. Section 2 of that act relates in express terms both to orders of confirmation made after its passage and those theretofore made. As to the former, the prescribed period of limitation began to run from the date of the orders; as to the latter, from the passage of the law. It admits of no question that all administrators' sales, ratified and confirmed by an order of the probate court, made prior to the enactment, were intended to be and are embraced within its provisions.

Is the statute a valid exercise of legislative power? The invalidity of the sale occasioned by the omission to give the requisite bond was not a defect beyond the curative powers of subsequent legislation. As it was competent for the legislature to have dispensed entirely with the necessity of a bond by a prior statute, without affecting the proceedings, it was equally within its power to do so by subsequent legislation. Cooley on Const. Lim. 371.

The statute of 1864 affected no contract right of the appellant. His right in respect to the property of the decedent was simply that of inheritance; a right created and defined alone by statute, and in no way disturbed by the enactment in question. His right to contest the validity of the sale on account of the alleged defect in the proceedings, at any time before the end of five years after reaching his age of majority, rested also solely upon the statute and not upon any contract, and it was clearly competent for the legislature, within reasonable limits, to enlarge or lessen this period for exercising the right while it was still running, as it only affected a statutory remedy in which the appellant could have no vested right. Whether the reduction of the period in this instance to two years was reasonable or not, is a question that properly belonged to the law-making power, as a matter of legislative and not judicial discretion. As appellant made no attempt to assert his right to contest the validity of the sale until after the statutory limitation prescribed by the act of 1864 for exercising the right had fully run, he lost his right to litigate the question, and the defendant's title under the sale and order of confirmation became perfect and absolute. It then became a vested property right, safe from subsequent legislative interference. Cooley Const. Lim. 365, and cases cited in notes. Whether, therefore, the repeal of the statute of 1864 by the general statutes of 1866 had the effect of reviving the former limitation laws relating to this subject, is an immaterial question, although we are clearly of the opinion that it had no such effect. *Wright* v. *Oakley*, 5 Met. 400.

Judgment affirmed.