WILLIAM DAWSON *vs.* RILEY HELMES.

December 28, 1882.

**Guardian's Sale—Order of Confirmation—Record.**—A certified copy of an order of a probate judge confirming a purported guardian's sale, is authorized to be recorded in the registry of deeds, by Laws 1873, c. 57, (Gen. St. 1878, c. 57, §§ 61–53;) but there appears to be no statute validating any such record made before the passage of that chapter.

**Same—Effect of Order.**—An order of confirmation of a guardian's sale adjudicates only that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, or, if disproportionate, that a greater sum cannot be obtained. Hence, such order is proof of no other facts, or of any proceeding prior thereto.

**Same—Order should precede Conveyance.**—As a matter of regularity, the confirmation of a guardian's sale should precede the execution of the guardian's deed; but if it succeeds it, the confirmation relates to the deed and sanctions it.

**Same—Sale without License—Two Years' Limitation.**—Laws 1864, c. 45, § 2, which provides that where an order of confirmation has been

*Gilfillan, C. J., because of illness, took no part in this case.

made prior to the passage of that act, no proceedings shall be had to set aside and vacate the sale after the expiration of two years from such passage, and that the conveyances of the guardian made in pursuance of any such sale shall not, after the expiration of said two years, be voided by any court, etc., does not apply to a sale made by a guardian without any license, or by one not a guardian.

**Same—Limitations in Rev. St. (1851.)**—Rev. St. 1851, c. 51, § 22; c. 52, § 50, are not applicable to the case of a party in possession defending a title derived from a ward against the affirmative attack of one relying on a guardian's sale.

**Deed of Infant—Disaffirmance by Subsequent Deed.**—*Dixon* v. *Merritt*, 21 Minn. 196, followed as to the proposition that a warranty deed of certain premises to A., executed by B. after becoming of age, is a disaffirmance of a deed of the same premises executed to C. by B. while an infant. To give effect to the disaffirmance of an infant's deed of land, it is not necessary that his grantee should be placed *in statu quo* by the restoration of the consideration or otherwise.

**Court and Jury—Directing Verdict.**—A trial court may properly direct a jury to find a verdict for a party when it would obviously be its duty to set aside a verdict against him.

Appeal by plaintiff from an order of the district court for McLeod county, *Macdonald*, J., presiding, refusing a new trial, the court having directed a verdict for defendant. The case is stated in the opinion, and the record evidence mentioned therein is as follows:

The record of the guardian's deed offered in evidence by plaintiff was as follows:

"To all persons to whom these presents shall come:

"Benjamin A. D. Young, of the county of Dakota, in the state of Minnesota, guardian of Benjamin Joseph Young, Anthony Tyler Young, and Alexander Hypolite Young, minors, and children of the aforesaid Benjamin A. D. Young, send greeting:

"Whereas, by an order of the probate court, holden at Mendota, within and for the county of Dakota, on the 23rd day of September, in the year 1857, the said Benjamin A. D. Young, in his capacity of guardian, as aforesaid, was empowered and licensed to make sale of 320 acres of land for each of the aforesaid minors hereinafter described. And whereas the said Benjamin A. D. Young, having given

the bond and taken the oath by law required, before fixing on the time and place of sale, and also giving public notice of the said sale by causing a notification thereof to be inserted and printed three weeks successively in the newspaper called the Hastings Independent, a weekly journal printed in the aforesaid county of Dakota, did, the second day of January, A. D. 1858, cause the said minors' land to be exposed for sale, pursuant to said notice, at public vendue, at the door of the old court-house in Mendota, in the aforesaid county of Dakota, and the same was then and there struck off to Franklin Steele, of the county of Hennepin, in the aforesaid territory of Minnesota, for the sum of two thousand three 20-100 dollars, he being the highest bidder therefor: Now, know ye, that I, Benjamin A. D. Young, in my capacity as guardian as aforesaid, by virtue of the license aforesaid, and in consideration of the sum of two thousand three 20-100 dollars to me paid by Franklin Steele, aforesaid, the receipt whereof I hereby acknowledge, do hereby grant, bargain, sell and convey unto the said Franklin Steele, his heirs and assigns, all those tracts and parcels of land," (describing land in suit and other land,) "being the lands of said minors, with all the privileges and appurtenances thereunto belonging, to have and to hold the above-granted premises, to him, the said Franklin Steele, his heirs and assigns, forever; and I, the said Benjamin A. D. Young, for myself, my executors and administrators, do covenant with the said Franklin Steele, his heirs and assigns, that in making the said sale I have in all things observed the rules and directions of the law, and I will, and my heirs shall, warrant and defend the above-granted premises to the said Franklin Steele, his heirs and assigns, against the lawful claims and demands of the said minors and their heirs, and all persons claiming the same by, through, or under them, or either of them.

"In testimony whereof, I, the said Benjamin A. D. Young, have hereunto set my hand and seal the 16th day of January, A. D. 1858." Signed, sealed, attested, and acknowledged.

Recorded with this guardian's deed is the following record of a duly certified copy of an order of confirmation, referred to in the opinion:

"*Territory of Minnesota, County of Dakota, ss.:—Probate Court:*

"At a special session of the probate court, holden in and for said county, at Hastings, on Tuesday, February 23, A. D. 1858; Present—John J. McVay, Judge.

"In the. matter of the application of Benjamin A. D. Young, guardian, for license to sell real estate of Benjamin J. Young, Anthony T. Young and Alexander H. Young, minors.

"On this 23rd day of February, A. D. 1858, appeared J. J. Noah, attorney for the above guardian, B. A. D. Young, and filed proof of publication of notice to sell the real estate of said minors, in pursuance of license heretofore granted by this court; and the court having examined the proceedings upon the aforesaid sale, and the said Benjamin A. D. Young, by his attorney, having presented an acknowledged instrument as evidence that the said sale was legally made and fairly conducted, and J. J. Noah having testified that the sums bid for said lands were not disproportionate to their value; Therefore, the court doth order and decree that the said sale of the said real estate be and the same is hereby confirmed.

"John J. McVay,

"Judge of Probate."

Following this was a certificate by the judge of probate that "the above is a true transcript and copy" of the order of confirmation.

*W. H. Grant*, for appellant.

The guardian's deed and the order of confirmation were received in evidence without objection.   Every presumption is in their favor. The records of our probate courts import absolute verity.   They stand, as to all matters within the jurisdiction of probate courts, upon the same footing with, and have the same presumptions in their favor as, those of superior courts of record having general jurisdiction. *Wood* v. *Myrick*, 16 Minn. 447, (494;) *Moreland* v. *Lawrence*, 23 Minn. 84; *Dayton* v. *Mintzer*, 22 Minn. 393; *Simpson* v. *Cook*, 24 Minn. 180; *State* v. *Prob. Court of Ramsey Co.*, 19 Minn. 85, (117;) *Greenwood* v. *Murray*, 26 Minn. 259; *Pick* v. *Strong*, 26 Minn. 303; *Davis* v. *Hudson*, 29 Minn. 27; Freeman on Judgments, § 319a; Rorer on Judicial Sales, §§ 354, 357, 366, 369.

*M. O. Little,* for respondent.

BERRY, J. This in an action in the nature of ejectment, defendant being in possession. Both parties claim to derive title from Benjamin Young. Plaintiff, to make out his title, put in evidence three pages of Book A of Deeds of the registry of deeds for McLeod county. These are a record of a deed of the land in controversy, dated January 16, 1858, and purporting to have been executed by a guardian of Benjamin Young, and a record of a copy (certified by the probate judge of Dakota county) of an order of said judge dated February 23, 1858, confirming a sale *assumed* to be that in pursuance of which the guardian's deed was executed. A copy so certified is authorized to be recorded, and the record made evidence, by Laws 1873, *c.* 57, (Gen. St. 1878, *c.* 57, §§ 61–63;) but we discover no legislation validating any record made, as this was, before the passage of the act of 1873. We allude to this, however, only with reference to a possible second trial of the case, since, upon the trial had, the records mentioned were received in evidence, and, so far as the settled case shows, without objection. Our principal concern at the present time is with the *effect* of the order of confirmation, admitting that it was properly proved.

With reference to guardians' sales of real estate, the statute in force at the date of the order of confirmation involved in this case (Pub. St. *c.* 39, § 21, identical with Gen. St. 1878, *c.* 57, § 44,) provides that "if it shall appear to the judge of probate that the sale was legally made and fairly conducted, and that the sum bid was not disproportionate to the value of the property sold, or, if disproportionate, that a greater sum than above specified cannot be obtained, he shall make an order confirming such sale, and directing conveyances to be executed." All the facts necessary to appear to the judge of probate to authorize him to confirm a sale are thus specified in the statute. These facts are, therefore, the basis of the order of confirmation, and it adjudicates upon them alone. This adjudication is confined to the acts of the guardian in making and conducting the sale and to the sufficiency of the bid. The order of confirmation passes upon nothing else, and hence it is not proof of any prior proceeding. This construction of our statute is sustained by like con-

structions of analogous statutes in other jurisdictions. *Mathews* v. *Eddy*, 4 Or. 225, 234; *Koehler* v. *Ball*, 2 Kan. 160, 173; *Challiss* v. *Wise*, 2 Kan. 193, 197; *Buckingham* v. *Granville Alex. Soc.*, 2 Ohio, 360; and see Rorer on Jud. Sales, § 104 *et seq.; Bethel* v. *Bethel*, 6 Bush, (Ky.) 65; *Shriver's Lessee* v. *Lynn*, 2 How. 43. No proof of license to sell, or of any antecedent proceeding, was offered upon the trial below. The case was, then, one of a mere purported guardian's sale, without any evidence of authority to make it. Proof of such a sale had no tendency to establish a transmission of title.

The order of confirmation in this case appears from its date to have been made after the execution of the guardian's deed. Although, as a matter of regularity, the confirmation of the sale should precede the execution of the deed, the fact that it succeeds it does not render it ineffectual. It relates to the execution of the deed, and sanctions it, so that the substantial result is the same as if the deed had been made after and in pursuance of the confirmation. *Evans* v. *Spurgin*, 6 Gratt. 107. We decide this point rather with reference to a second trial than to the exigency of the present appeal.

Further to sustain the guardian's sale, plaintiff relies upon an act of the legislature (Laws 1864, *c.* 45, § 2,) which provides that where an order of confirmation of a guardian's sale had been made prior to the passage of such act, no proceedings shall be had to set aside and vacate the sale after the expiration of two years from such passage, and that the conveyances of the guardian, made in pursuance of any such sale, shall not, after the expiration of said two years, be voided by any court, etc. Irrespective of any other objection to the application of these provisions of the act of 1864 to this case, it is enough to say that they cannot be intended to apply to a sale made by a guardian without any license of sale, or, by one not a guardian. Such a sale is not a guardian's sale in any statutory sense. See *Townsend* v. *Tallant*, 33 Cal. 45; *Bethel* v. *Bethel*, 6 Bush, (Ky.) 65. The same remark is applicable to the provision as the conveyances of guardians. *Streeter* v. *Wilkinson*, 24 Minn. 288, cited by plaintiff, as the opinion of the court shows, was the case of a sale made *pursuant to a license.*

Rev. St. 1851, *c.* 51, § 22; *c.* 52, § 50, cited and relied upon by

plaintiff, are not, in terms, applicable to the case of a party in possession *defending* a title derived from a ward against the affirmative attack of one relying on a guardian's sale. Irrespective of this fact, the plaintiff's reliance upon them is easily disposed of upon grounds analogous to those upon which we have just disposed of his reference to the act of 1864.

This brings us to the second main question in the case. It appears that on March 11, 1867, Benjamin Young, then a minor, executed a warranty deed of the premises in dispute to the plaintiff's grantors. There was also evidence tending to show, and from which the jury had the right to infer, that on the 12th day of December, 1873, Benjamin Young, then of age, executed a warranty deed of the same premises to Shillock, the grantor of defendant's grantor. The former deed was recorded May 7, 1874; the latter, December 24, 1873.

The defendant contends that the latter deed was a disaffirmance of the former, and in this he is clearly right. *Dixon* v. *Merritt*, 21 Minn. 196; 1 Am. Lead. Cas. 256–258; *Mustard* v. *Wohlford's Heirs*, 15 Gratt. 329. It is not claimed that any delay of Benjamin Young to disaffirm was an affirmance of his deed to plaintiff's grantors. In fact, the plaintiff's counsel expressly concedes that the delay would have no such effect in this case. To give effect to the disaffirmance of an infant's deed of land, it is not necessary that his grantee should be placed *in statu quo* by the restoration of the consideration or otherwise. *Chandler* v. *Simmons*, 97 Mass. 508, 514; *Tucker* v. *Moreland*, 10 Pet. 58, 73. Where the infant, upon reaching majority, applies to a court of equity to have his deed avoided, the rule may be different. But the question then presented differs from that raised by a disaffirmance which has actually taken place. So, too, upon disaffirming, the former infant may, in some circumstances, be liable to restore the consideration to his grantee, or otherwise to place him *in statu quo;* but it does not follow that he must do either of these things as a *condition precedent* of disaffirmance. The rule with reference to the disaffirmance by an infant or former infant of a transfer of personal property is quite different from that as to disaffirmance of an infant's conveyance of real estate. These consider-

v.30—8

ations dispose of most if not all of the authorities cited by plaintiff. upon the subject of disaffirmance.

The court in this case directed the jury to render a verdict for the defendant. The plaintiff contends that the question of fact as to whether Benjamin had avoided his deed to plaintiff's grantors after he reached majority, should have been submitted to the jury. If he means by this that the question, whether he ever executed the deed to Shillock, should have been submitted to the jury, we think he is clearly wrong. The execution of this deed was so well proved, and the testimony against the execution so worthless, that, if the jury had found against the execution, it would obviously have been the duty of the court to set the verdict aside. In such case a direction to find that the deed was executed is not improper. *Phœnix Ins. Co.* v. *Doster*, 106 U. S. 30. If, again, the plaintiff means that the question, whether the deed to Shillock, admitting its execution, was a disaffirmance of the deed to plaintiff's grantors, ought to have been submitted to the jury, he misconceives the rule of law which makes such deed *per se* a disaffirmance, in the absence of controlling circumstances to the contrary. Upon this point we have already cited authorities.

Order affirmed.