### IN THE

# SUPREME COURT OF NEBRASKA.

## JANUARY TERM, A. D. 1892.

PRESENT:

Hon. SAMUEL MAXWELL, CHIEF JUSTICE.
Hon. T. L. NORVAL, } JUDGES.
Hon. A. M. POST, }

JOHN BURKHOLDER v. JOHN FONNER.

34  1
f58 284

[FILED FEBRUARY 17, 1892.]

1. **Real Estate Agents: COMMISSIONS: EVIDENCE.** In an action to recover commissions for selling real estate, the defendant denied plaintiff's employment, or that he was instrumental in making the sale, and averred that it was negotiated by persons other then the plaintiff. Upon the trial the purchaser was called as a witness, who, after having minutely detailed all the facts in connection with the purchase, and from whom he received the information that the property was upon the market, was asked to state from whom he made the purchase, which being objected to, the witness was not permitted to answer. *Held,* No error.

2. ——: ——: **INSTRUCTIONS.** *Held,* That the charge of the court fairly submitted to the jury all controverted questions of fact.

4          (1)

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*Thummel & Platt,* for plaintiff in error, cited: *Butler v. Kennard,* 23 Neb., 359; *Nicholas v. Jones,* Id., 816; *Anderson v. Cox,* 16 Id., 10.

*Abbott & Caldwell, contra.*

NORVAL, J.

The plaintiff in error brought suit in the district court to recover the sum of $500 as compensation for services alleged to have been rendered by him in the sale of certain real estate owned by the defendant. The jury returned a verdict for the defendant.

John Fonner, in 1885, owned a farm in Hall county, consisting of 880 acres, which he leased to the plaintiff and his two brothers for that year at a cash rental. In the month of February, 1886, the defendant traded the farm, with other lands, to one Levi Cox, for a stock of goods.

The testimony introduced on behalf of the plaintiff tends to show that at the time the defendant leased the farm, Mr. Fonner agreed if the plaintiff procured a purchaser for, or succeeded in selling the farm, for $17,000, he would pay the plaintiff for his services $500.

The testimony of the defendant is to the effect that he never employed the plaintiff and never had any conversation with him upon the subject, but that he engaged West & Schlotfeldt to sell the property; that they effected the exchange with Levi Cox, and defendant paid them therefor.

It appears that Mr. Cox learned of the land being for sale through conversations had with the defendant and Mr. Schlotfeldt in Grand Island on February 19, 1886. It was then arranged that Mr. Schlotfeldt should, the next day, drive Mr. Cox out to see the land, which he did. On the way out they met the plaintiff, who was then residing on the land, and Mr. Cox was introduced to ·him, and

plaintiff was then informed that they were going to look at the place.    In answer to an inquiry made by Mr. Cox, the plaintiff described the lands, stated the number of bushels of grain raised thereon the previous season, and spoke of the place in the highest terms.    He also mentioned that he had to go to Grand Island, but that his brother was at home and would show them the premises.    After this conversation Mr. Cox and Mr. Schlotfeldt drove to the farm and did not see the plaintiff again until after the exchange was effected.    Two or three hours were spent in examining the property, the same being exhibited by Mr. Schlotfeldt and one F. G. Burkholder, a brother to the plaintiff.    Cox and Schlotfeldt then returned to Grand Island, and in the evening the trade was agreed upon.

The first error assigned arises upon the exclusion of certain testimony offered by the plaintiff.    On his behalf Levi Cox, the purchaser of the farm, was sworn.    Near the close of the direct examination of the witness, and after he had minutely detailed all the facts in connection with the exchange of the properties, substantially as already stated in this opinion, he was asked by plaintiff's counsel to state from whom he purchased the farm, and upon whose representations he relied in making the same.    To the question the defendant objected as being irrelevant, incompetent, and immaterial, and calling for the opinion of the witness, which objection was sustained by the court.    We are unable to see any error in the ruling.    The question is clearly incompetent as calling for the conclusion of the witness upon a material issue in the case, which it was the province of the jury to determine.    It was for the jury to say, from all the facts and circumstances proven, under proper instructions, whether or not Mr. Cox exchanged for the farm through plaintiff's instrumentality.

It is finally insisted that the court erred in giving the fourth instruction, which reads: "If you find from the evidence that the defendant employed the plaintiff to sell

the farm and procure a purchaser therefor, and if you further believe that the purchaser, Levi Cox, received the information which led to the purchase of said farm from other parties than the plaintiff, and that plaintiff did not sell said farm or obtain or procure a purchaser for the same, then the plaintiff cannot recover, and you will find for the defendant." The only criticism made upon the instruction by plaintiff in error is that it is contrary to law, and conflicts with the first and second paragraphs of the charge of the court. The objection urged is not well founded. The instruction complained of, taken in connection with the other instructions given, correctly stated the law and was applicable to the facts proven. Although plaintiff was employed to sell the farm, yet, if the purchaser and owner were not brought together through his instrumentality, but from information the purchaser received from persons other than the plaintiff, and the plaintiff did not effect the sale or exchange, he was not entitled to compensation. The charge, as a whole, recognizes this doctrine. The fourth paragraph of the charge does not in any manner conflict with the first and second instructions, which merely stated the plaintiff's side of the proposition. Upon the whole we are satisfied that the cause was fairly submitted to the jury. The judgment is

AFFIRMED.

THE other judges concur.