MARK DOWLING *vs.* GEORGE MORRILL & others, trustees.

Suffolk.   January 13, 1896. — March 31, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Broker's Commission — Performance of Contract — Action.*

If a broker, who is employed by the owner to sell an estate, brings to the attention
of the purchaser the fact that the property is for sale and its price, and has
several interviews with the purchaser's agent in which prices are discussed, and,
at the agent's suggestion, procures for him and brings to him from the owner a
list of tenants and of rents, and there is never any definite termination of the
negotiations between the broker and the agent, the fact that the agent, for rea-
sons of his own, suggests to another broker to come in, who is employed by the
owner and through whom the sale is consummated, will not deprive the first
broker of his right to compensation; and in an action therefor the jury are
justified in finding that he has performed his part of the contract.

CONTRACT, against George Morrill, William E. Carleton, and
Eliphas W. Arnold, trustees of the estate of William Carleton,
to recover a commission on a sale of real estate in Boston.   Trial
in the Superior Court, before *Fessenden*, J., who ruled that the
action could not be maintained against the defendants Morrill
and Carleton, and directed a verdict for them.   The plaintiff
thereupon was allowed to amend his declaration, alleging an
employment by the defendant Arnold alone.

The jury returned a verdict for the plaintiff; and Arnold
alleged exceptions.   The material facts appear in the opinion.

The case was argued at the bar in January, 1896, and after-
wards was submitted on the briefs to all the judges.

*S. H. Tyng,* for the defendant Arnold.

*L. M. Child,* for the plaintiff.

BARKER, J.   Two questions were answered in the affirmative
by the jury: whether there was an express contract of employ-
ment, and, if so, whether the plaintiff performed the same.   The
exception is to the refusal to rule that there was no evidence
which would warrant a verdict against the defendants.

It is not now contended that there was no evidence of the em-
ployment of the plaintiff by the defendants; but the contention

is, that there was no evidence to justify the finding that the plaintiff had performed his part of the contract, he alleging that the defendants hired him as a broker to sell an estate, and that he did procure a customer to purchase the estate.

As the plaintiff did not have the exclusive sale of the property, and before the deeds were passed another broker intervened, through whom the bargain was closed, the verdict cannot be sustained, unless the evidence went farther than merely to justify a finding that the purchaser was one to whose attention the property was brought by the plaintiff's services. *Gillespie* v. *Wilder*, 99 Mass. 170. *Loud* v. *Hall*, 106 Mass. 404, 407. *Ward* v. *Fletcher*, 124 Mass. 224.

As stated in the case last cited, " One broker, who is unsuccessful in effecting a sale, does not become entitled to a commission upon the success of another." But where the purchaser is one to whose attention the property was brought by the first broker, if the evidence also justifies the finding that his services were the efficient or effective means of bringing about the actual sale, and that his work in fact caused the purchaser to buy the property, such a finding entitles him to recover his compensation, because he has performed his contract, and in fact procured a customer to purchase the estate. *Gleason* v. *Nelson*, 162 Mass. 245, and cases cited.

In the present case the court are of opinion that there was evidence to justify the finding. The evidence tended to show that the defendants employed the plaintiff, and that the latter brought to the attention of the purchasers the fact that the property was for sale, and its price; that he had several interviews with the agent of the purchasers, in which prices were discussed, and at the agent's suggestion procured for him and carried to him from the defendants the list of tenants and of rents; that there was never any definite termination one way or the other of the negotiations between the agent of the purchasers and the plaintiff, and that in consequence of what the plaintiff said to the agent, and because the agent was not willing to negotiate through the plaintiff, the agent suggested to a broker who afterwards intervened and came to be employed by the vendors, that if that broker were to present the estate to the purchasers they might buy it; that accordingly the second broker

went to work with the agent's sanction and permission, and that the negotiations went on continuously from the time when the agent suggested to the second broker that if he could get the property, which the agent said he was unwilling to buy through the plaintiff, then perhaps he would buy it, until the actual consummation of the sale. The agent testified that he went to the second broker because he was not willing to negotiate for the property through the plaintiff. This was very suggestive testimony, and he did not testify that he would not have bought if the purchase could not have been made without the intervention of another broker than the plaintiff. We cannot say that the evidence does not justify a finding that the purchasers had determined to buy when the agent went to the second broker, and that the services rendered by the plaintiff up to that time did in fact procure the purchaser. That the agent, for reasons of his own, suggested to another broker to come in and close the bargain with him, does not deprive the plaintiff of his right to compensation.              *Exceptions overruled.*