### RUSSELL SAGE v. CHRISTOPHER LARSON.[1]

June 28, 1897.

Nos. 10,591—(230).

**Adverse Possession by Trespasser—Actual Occupancy.**

    The possession of one who enters upon the land of another as a mere naked trespasser is limited to so much thereof as he actually occupies, and he cannot claim title by adverse possession to wild and uninclosed land, adjoining that actually occupied and used by him, from the mere fact that he cut natural hay thereon, and let his stock run over and pasture upon it.

**Same—Directing Verdict.**

    Evidence considered, and *held*, that it was not sufficient to require the trial court to submit to the jury the question whether the defendant had acquired title to the lands in controversy by adverse possession.

Appeal by defendant from an order of the district court for Yellow Medicine county, Powers, J., denying his motion for a new trial, after directing a verdict for plaintiff. Affirmed.

*E. T. Young,* for appellant.

*Owen Morris* and *Lyndon A. Smith,* for respondent.

START, C. J.

Ejectment for the recovery of the S. E. ¼ of section 31 in township 116, range 41, in the county of Yellow Medicine. At the close of the evidence, the trial court directed a verdict for the plaintiff, to the effect that the plaintiff was the owner and entitled to the possession of the quarter section, except so much thereof as was in the actual possession of the defendant in the year 1878. The excepted portion of the land is shown by the plat of the quarter section designated

[1] Reported in 71 N. W. 923.

in the record as "Exhibit I." The defendant appeals from an order denying his motion for a new trial.

It was admitted on the trial that the plaintiff was the owner of the whole of the land, unless the defendant established title by adverse possession; and the only question for our consideration is whether there was any evidence in the case which would have sustained a finding by the jury that the defendant had acquired title by adverse possession to any more of the land than was awarded him by the directed verdict.

This action was commenced March 26, 1894, and it was incumbent on the part of the defendant to show continuous adverse possession from March 26, 1879. The entry of the defendant upon the land was as a mere naked trespasser; hence his adverse possession was limited to what he actually occupied. Brown v. Kohout, 61 Minn. 113, 63 N. W. 248.

The evidence shows that the defendant entered upon and broke on the land 11½ acres in 1878, and in the fall of the same year built a house and sod stable adjoining the breaking, and plowed a fire break around the buildings, thereby inclosing a parcel of land 75 by 25 rods. Other than this, the land was wild and uninclosed. This last mentioned tract and the one broken constitute the part of the quarter section excepted from the verdict. The defendant and his family moved into the house the same year that it was built, and have ever since resided therein. The evidence tends to show that the defendant, commencing one to two years after March 26, 1879, actually and continuously used the whole quarter section for the ordinary farming purposes for which it was adapted. But there is no evidence in the case tending to show any actual occupancy of the balance of the quarter outside of the part excepted from the verdict, prior to March 26, 1879, unless it be the fact that in 1878 the defendant cut natural hay on the land, hauled it away, and stacked it within the limits of the fire break, and that his cattle, in common with those of other owners, fed upon this and adjacent lands.

This is not sufficient to constitute the initiation of adverse possession of such balance of the land. The mere fact that a trespasser cuts natural hay on, and lets his cattle run over and feed upon, wild and uninclosed land, adjoining land actually occupied by

him, cannot be held to constitute adverse possession of the land not actually occupied. Bazille v. Murray, 40 Minn. 48, 41 N. W. 238; Lambert v. Stees, 47 Minn. 141, 49 N. W. 662.

The evidence in this case was not sufficient to sustain a verdict to the effect that the defendant had been in the adverse possession of any portion of the land in question, other than the part excepted by the verdict, for 15 years next before the commencement of this action. Therefore the trial court rightly directed the verdict for the plaintiff.

Order affirmed.