BOWDOIN B. CROWNINSHIELD *vs.* CHARLES H. W. FOSTER.

Suffolk.    March 8, 1897. — October 20, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Broker's Commission — Action — Instructions.*

If a broker, who is employed by the owner to sell an estate, brings it to the attention of the person who finally buys it, and obtains from him an offer which is rejected by the owner, and the broker thereupon suspends his efforts, and afterwards another broker, in ignorance of the former's employment, procures from the same person another and substantially different offer, which is accepted by the owner, in an action by the first broker to recover a commission of the owner, exceptions taken by the latter to instructions which did not point out sufficiently the difference between the two offers, and may have misled the jury to find for the plaintiff, will be sustained.

CONTRACT, to recover a commission on a sale of real estate in Brookline. At the trial in the Superior Court, before *Richardson*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts material to the point decided appear in the opinion.

The case was argued at the bar in March, 1897, and afterwards was submitted on briefs to all the justices.

*M. Storey*, for the defendant.

*E. W. Hutchins*, for the plaintiff.

ALLEN, J. It was held in *Dowling* v. *Morrill*, 165 Mass. 491, that a broker who does not have the exclusive sale of real estate does not become entitled to a commission merely by bringing the property to the attention of the person who finally buys it,

but he must also show that his services were the efficient or effective means of bringing about the actual sale. In the present case the plaintiff brought the property to the attention of Allen, the person who finally bought it, and obtained from him two different offers, both of which were rejected by the defendant; and there was evidence tending to show that the plaintiff thereupon suspended his efforts, and that afterwards another broker, in ignorance that the plaintiff had treated with Allen, procured from the latter another and different offer, which the defendant accepted.

With reference to this state of things the court instructed the jury as follows: "The mere fact that Mr. Foster got a little more, if he did, in the way of trade than what Mr. Crowninshield got offers for from Mr. Allen, I do not think is decisive; still it is one of the things that you may consider, because I do not think it would debar a broker from obtaining his commission if he was otherwise entitled to it, if he got offers for a smaller sum, if it was substantially the same amount, or if he got more, without using the word 'substantially,' than what he told the broker he would sell it for."

The plaintiff afterwards asked for specific instructions, as follows: "If the jury find that the defendant employed the plaintiff to bring him offers for property, and the plaintiff interested Allen in the property and communicated Allen's offer to the defendant, which the defendant rejected, and then the defendant renewed the same negotiations, either himself or through another broker, and finally accepted substantially the same offer from Allen as had been made by the plaintiff, the plaintiff is entitled to recover. If the plaintiff, being employed by the defendant to find a customer for the Foster estate, found Allen ready and willing to [buy?], but giving in part payment therefor his apartment houses, and on presenting the offer of Allen, was informed by the defendant he would not sell for the apartment houses on any terms, . . . and in consequence of this, the plaintiff ceased efforts to bring about the trade between Allen and the defendant, and the defendant shortly afterwards changed his mind and took the apartment houses in exchange for his land on substantially the same terms offered by the plaintiff and in consequence of the previous negotiations,

the plaintiff is entitled to recover, although another broker acted in the final negotiations."

In reply to these requests, which the judge read to the jury, (as was agreed by counsel at the argument before us,) the court said : " I think all of these things are stated in a little different way, perhaps better, than what I stated." This, it seems to us, was a virtual assent to the correctness of the requests, as propositions of law, and the jury were allowed to find for the plaintiff if in their opinion the offer which was finally accepted, upon a renewal of the negotiations, was substantially the same as either of the offers which the plaintiff had procured.

The first offer which the plaintiff had procured from Allen was to give in exchange three apartment houses, two unencumbered and one subject to a mortgage for $15,000, and also the equity in three dwelling-houses. In this offer, Allen valued the three apartment houses at $25,000 each, making a total, after deducting the mortgage, of $60,000 ; and the equity in the three dwelling-houses at $10,000 each, or $30,000 for them all.

The second offer procured by the plaintiff was the three apartment houses, as above stated, and a mortgage for $30,000 upon the property taken from the defendant ; Allen agreeing to take a lease of the apartment houses for one year at a rent equal to five per cent on their price.

By the sale as actually made, Allen gave two mortgages for $85,000 upon the Foster property, and equities in the apartment houses estimated at $15,000, based on a valuation of $70,000 for the three, instead of $75,000 as in the previous offers. It is fairly to be assumed that the mortgages for $85,000 were accompanied by promissory notes for that sum, payable with interest. There has been no suggestion to the contrary, or that Allen was irresponsible personally. According to the plaintiff's testimony, the defendant was willing to sell to Allen for $90,000, payable $5,000 in cash and the balance in a mortgage back on the property, the purchaser to spend $50,000 within a year on the property. The defendant got the mortgage as proposed, and the equities estimated at $15,000 instead of the $5,000 in cash ; and he did not get the agreement for future expenditures on the property. Upon the evidence set forth in the bill of exceptions, it seems to us that the offer which was accepted was substan-

tially different from either of the offers procured by the plaintiff, and that the difference between them was not sufficiently pointed out to the jury, and that the offer so accepted could not properly be treated or considered as substantially the same as the previous offers, and that the jury may have been misled in their verdict by the manner in which this aspect of the case was submitted to them. For this reason, the entry must be,

*Exceptions sustained.*