## DE ZAVALA v. ROYALINER.

(Supreme Court, Appellate Term. November 18, 1903.)

1. BROKERS—COMMISSIONS—SALE—PROCURING CAUSE.
　　A broker was not entitled to commissions for the sale of a leasehold where he merely brought the parties together, but did not cause them to agree upon terms, which was not done until some time later, and through the intervention of another broker, who effected an agreement upon a basis other than that which was submitted by the first broker.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Henry De Zavala against Maurice Royaliner. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Morris S. Hart, for appellant.
Mulqueen & Mulqueen, for respondent.

BLANCHARD, J. We do not think it can be said that under the evidence produced the plaintiff was entitled to recover. The action is brought to recover upon an assigned claim for broker's commission. The testimony of the plaintiff is to the effect that he secured the defendant's leasehold for sale, and offered it, at the price named by the defendant, to the party who subsequently became the purchaser. The evidence, however, fails to show that plaintiff's assignor was the procuring cause of the sale.

It appears that although the parties were originally brought together by the plaintiff's assignor, still, at that time, the parties had not agreed upon terms. Subsequently, and some weeks later, the

¶ 1. See Brokers, vol. 8, Cent. Dig. § 82.

matter was taken up by another broker, who finally consummated the sale by bringing the parties to terms upon a basis other than that which was submitted originally to the plaintiff by the defendant, and by the plaintiff submitted to the purchaser. The efforts of the plaintiff's assignor were not crowned with success, and it was left to another broker to bring the transaction to a successful termination. As was said by Justice Finch in Sibbald v. B. J. Co., 83 N. Y. 378–383, 38 Am. Rep. 441, "A broker is never entitled to commissions for unsuccessful efforts." The learned justice further says, "It matters not that, after his failure and the termination of his agency, what he had done proves of use and benefit to the principal." And so, in the present case, we are of the opinion that the plaintiff has failed to establish his right to the commission.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide event. All concur.