## WHEWELL v. McLERNON REALTY & CONST. CO.

(Supreme Court, Appellate Term. December 22, 1909.)

BROKERS (§ 55*)—RIGHT TO COMMISSIONS—PROCURING CAUSE.

Where, after calling the attention of the president of a corporation owning property to the possibility of arranging an exchange of such property with another person, the broker never introduced the parties to the exchange, never saw defendant's officers thereafter, and the contract was actually made thereafter on different terms and after negotiations through another broker, the first broker was not entitled to commissions.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 82–84; Dec. Dig. § 55.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Walter Whewell against the McLernon Realty & Construction Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Crane & Baer (S. Clinton Crane, of counsel), for appellant.
Charles V. Halley, Jr., for respondent.

LEHMAN, J. The plaintiff has recovered a judgment for services rendered as a broker in effecting an exchange of real property. There is no dispute that plaintiff was employed by the defendant to negotiate an exchange of its property for certain property of one Bancroft, and there is no dispute that an exchange of these properties was finally consummated; but the plaintiff has failed to show that he was the producing cause.

The plaintiff testified that he and his agent called the defendant's attention to the possibility of arranging an exchange of property with Bancroft, and that the defendant's president said that he was satisfied with the terms proposed, and would call the next day to fix a day for

making the contract. But on this point he was contradicted, not only by the defendant's president, but also by his own partner, who was present at the interview, and who testified that the president stated that he must see his son, who was interested in the property. In any event, it appears that the plaintiff never introduced the parties to the exchange, never saw the defendant's officers thereafter, and that the contract actually made thereafter was made on different terms and after negotiations through another broker. Under, these circumstances the plaintiff has failed to show that he was the producing cause of the sale. The motion to dismiss, made at the close of the trial, should have been granted.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.