### FARBER v. COHN.

(Supreme Court, Appellate Term.   December 11, 1911.)

BROKERS (§ 73*)—RIGHT TO COMMISSIONS.

Where property is given to two brokers for sale or exchange, the one first producing a customer and consummating a sale or exchange is entitled to the commission; and this, in the absence of bad faith on the part of the vendor, though the contract of sale or exchange is made with one with whom the broker first given the property had been in negotiation, the contract being closed on terms different from those suggested by him, and the other broker having been the one who actually brought the parties together, and the procuring cause of the contract.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 59–61; Dec. Dig. § 73.*]

Appeal from City Court of New York, Special Term.

Action by Harris Farber against Nathan J. Cohn. From an order denying defendant's motion for a new trial, made on the minutes of

the justice at the trial, after the verdict for plaintiff, defendant appeals. Reversed, and motion granted.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

Samuel Marks (Robert L. Turk and Dante Rivetti, of counsel), for appellant.

Max D. Steuer (Gerald B. Rosenheim, of counsel), for respondent.

PAGE, J. The action is brought to recover commissions alleged to have been earned by the respondent in effecting the exchange of certain vacant lots, owned by the appellant and situated at the corner of Southern boulevard and 185th street, for three houses on 143d street between Lenox and Seventh avenues, all in the city of New York. Treating the contested facts as settled by the verdict in favor of the plaintiff, it appears that the appellant had given a memorandum of these lots to the plaintiff in April, 1909, and that he had entered upon negotiations for an exchange of these lots for the 143d street houses with Mr. Lowenfeld, of the firm of Lowenfeld & Prager; that plaintiff at intervals made propositions to defendant and Mr. Lowenfeld, none of which was accepted, nor were they the terms on which the exchange was eventually made. In December, 1909, defendant notified the plaintiff that he had disposed of the lots. It appears that appellant had also given a memorandum of these lots for exchange to Max Meisner, another real estate broker, who, with one Hyman Schimkowitz, opened negotiations with Lowenfeld & Prager, and that these latter brokers brought the parties together and a contract for exchange was entered into between them on December 7, 1909. At the foot of this contract is the following:

"We, the undersigned, being the brokers who have brought about the within exchange between the parties therein mentioned, for and in consideration of the sum of one dollar to us in hand paid by Nathan Cohn, the receipt whereof is hereby acknowledged, and in order to induce said Cohn to execute and deliver the said contract, do hereby waive any claim for commissions from said Cohn; we having accepted in full a commission satisfactory to us from Lowenfeld & Prager, parties to within contract.

"Dated Dec. 7, 1909.                         [Signed]   H. Schimkowitz.
                                                        "Max Meisner."

In the contract the defendant's property is taken at $45,000, and the three houses at $170,000. It appears that the defendant was unwilling to allow more than $169,500 for the houses, and the broker's commission of $450 was released, to induce him to enter into the contract by thus reducing the price to substantially his figure.

We do not think that under this evidence the plaintiff was entitled to recover. Where property is given to two or more brokers for sale or exchange, the first who succeeds in actually producing a customer and consummating a sale or exchange is entitled to the commission. This is true, in the absence of bad faith on the part of the vendor, which element does not enter into this case, where the contract is made with the same purchaser with whom the plaintiff had been in negotiation. Freedman v. Havemeyer, 37 App. Div. 518, 520, 56 N. Y. Supp. 97; Cole v. Kosch, 116 App. Div. 715, 102 N. Y. Supp. 14; Feldman v. O'Brien, 23 Misc. Rep. 341, 51 N. Y. Supp. 309; Baker

v. Thomas, 12 Misc. Rep. 432, 33 N. Y. Supp. 613; De Zavala v. Royaliner, 84 N. Y. Supp. 969; Smith v. McGovern, 65 N. Y. 574, 575; Whewell v. McLernon, etc., 120 N. Y. Supp. 72.

From the evidence it appears that the contract was closed on terms different from those suggested by plaintiff, and that Schimkowitz and Meisner were the brokers who actually brought the parties together and were the procuring cause of the contract. The verdict was contrary to the evidence, and contrary to the law applicable to the case.

Therefore the order denying the motion for a new trial should be reversed, with costs and disbursements, and the motion granted. All concur.