GEORGE V. RAYNOR, etc., Respondent, *v.* JOHN J. REINHARD, Appellant.

(Supreme Court, Appellate Term, First Department, March, 1920.)

**Brokers — evidence — when real estate broker not entitled to commissions.**

> A broker, seeing a newspaper advertisement offering for sale a house owned by defendant, wrote him for terms and other particulars and in reply received a letter giving the desired information and including a photograph of the property, but the letter was not received until after plaintiff had received a letter from one of his customers asking for particulars in relation to some other properties in the same locality as defendant's house, which had been advertised for sale by plaintiff. Within a few days after the customer at plaintiff's request had examined the other properties but not defendant's house, plaintiff wrote him giving the terms stated by defendant and enclosed the photograph of defendant's house, and in about ten days the photograph was returned to him with a letter stating that the

customer was not interested in the property, but it being again advertised for sale by defendant said customer got into communication with defendant and after examination bought it, the negotiations being wholly between the principals themselves. In an action to recover commissions it appeared that at no time did plaintiff see the defendant or his house, and the customer testified that plaintiff's letter to him in regard to defendant's house, and the photograph, had gone out of his mind before he got into communication with the defendant. *Held,* that the judgment in favor of plaintiff will be reversed and complaint dismissed.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of the plaintiff, after trial by the court without a jury.

Harry D. Holden, for appellant.

McNevin & Walsh (Alfred C. B. McNevin, of counsel), for respondent.

MULLAN, J.  The claim here made by this plaintiff exemplifies the prevalance of the erroneous notion entertained by many real estate brokers, and some lawyers, that if a broker at any time calls a property to the attention of an ultimate buyer of it, the broker is entitled to a commission, regardless of whether the broker's efforts brought about the sale.  There is practically no dispute about the facts here.  The question is, what do they lead to?  The plaintiff, a real estate dealer, in late April, or early May, 1918, seeing a newspaper advertisement offering for sale the house in Kew Gardens owned by defendant, and subsequently purchased by Kenyon, wrote defendant asking for the terms and other particulars, saying he had several "prospects" for such a property.  The defendant, on May fourteenth, answered plaintiff's letter,

giving the desired information, and inclosing a photograph of the house. (I may say here parenthetically, that it is at least questionable whether plaintiff can be said ever to have been employed by defendant as a broker. I shall assume, however, that he was so employed.) Kenyon was one of plaintiff's "prospects." He had previously written plaintiff asking for particulars in relation to some other Kew Gardens properties, among them the house of Robinson, that had been advertised by plaintiff. The defendant's property presumably was not referred to in that advertisement, as plaintiff did not receive defendant's letter until May fourteenth or fifteenth, and Kenyon's letter to plaintiff was sent prior to May eighth, for on that day Kenyon wrote plaintiff asking him to accompany Kenyon to Kew Gardens to look at the Robinson property. On May tenth Kenyon and his wife went to Kew Gardens, and examined the Robinson and other properties, but not the defendant's property. Plaintiff was unable to accompany them. On May fifteenth, plaintiff wrote to Kenyon giving him the terms stated by defendant (which he had just received) and inclosing the photograph of the defendant's house. On May twenty-fourth Kenyon returned the photograph with a letter saying that he was not interested in the property. Nothing further was done by plaintiff in the matter of defendant's house. At no time did he see the defendant, or defendant's house, nor does it appear that he has ever been in Kew Gardens. On June second defendant again advertised his house for sale. Kenyon noticed the advertisement, got into communication with defendant, went out to Kew Gardens, examined defendant's house, and subsequently bought it, the negotiations being wholly between the principals themselves.

The only material fact in the case as to which I

find any disagreement concerns the question whether Kenyon, when he established his contact with defendant, recalled the fact that defendant's property had been called to his attention by the plaintiff. Kenyon testified that the plaintiff's letter in regard to defendant's house, and the photograph, had gone out of his mind; that he went out to Kew Gardens in June solely because of defendant's advertisement; and there is absolutely nothing to cast the least doubt upon his veracity. The inference that plaintiff seeks to have drawn, that Kenyon and defendant had conspired to deprive the plaintiff of a commission, could only rest upon a suspicion for which the record furnishes no particle of justification.

Here the plaintiff did not even " sow the seed " (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, 383), much less cultivate the ground or otherwise help bring the crop to fruition. I think the complaint could properly have been dismissed, and upon the merits, at the close of plaintiff's case. The proofs adduced by the defendant, not rebutted or impugned, leave no room for doubt that that disposition of the controversy should have been made at the close of the whole case.

Judgment reversed, with thirty dollars costs, and complaint dismissed upon the merits, with costs.

LEHMAN and FINCH, JJ., concur.

Judgment reversed, with thirty dollars costs.