# HARRY H. DORGELOH v. A. S. MARK AND ANOTHER.[1]

April 24, 1931.

No. 28,338.

*Sterling, Converse & Spence,* for appellant.

*Firestone & Shapiro* and *Keller, Broady & Chapin,* for respondents.

OLSEN, J.

Plaintiff appeals from the judgment entered in favor of defendants.

Plaintiff, a real estate broker, sued to recover a claimed commission on the sale of an apartment building in St. Paul. The

[1]Reported in 236 N. W. 325.

court granted a motion by defendants for a directed verdict in their favor. A motion for a new trial was made and denied, judgment for defendants entered, and this appeal taken.

■ The court granted the motion for a directed verdict on the ground that the plaintiff had failed to show that his efforts or activities in the matter were the procuring cause of the sale thereafter made. In other words, the court held as a matter of law that the evidence was insufficient to sustain any finding by the jury that the plaintiff was the procuring cause of the sale, and the only question presented here for review is whether there was any evidence which would have justified the jury in finding that the efforts and activities of the plaintiff were the procuring cause of the sale so as to require that question to be submitted to the jury. In passing upon that question here we follow the settled rule that the evidence is to be viewed in the most favorable light for the plaintiff. If when so viewed the evidence would not sustain a verdict for plaintiff or is such that a verdict for plaintiff would have to be set aside by the court, not as a matter of discretion but as a matter of law, then the direction of the verdict was proper. Dawson v. Helmes, 30 Minn. 107, 14 N. W. 462; Thompson v. Pioneer-Press Co. 37 Minn. 285, 33 N. W. 856; Sage v. Larson, 69 Minn. 122, 71 N. W. 923; Martin v. Courtney, 87 Minn. 197, 91 N. W. 487.

So considered the evidence shows that in the fall of the year 1925, defendants, being the owners of the property in question, desired to sell it; that they authorized plaintiff to find a purchaser for the property and were to pay him a commission in case he found and presented a purchaser who would buy the property for $45,000; that there was to be a cash payment of $10,000, the assumption of an existing mortgage of about $16,000, and the balance paid in monthly payments; that there was talk that defendants might take something in trade as part payment. The plaintiff thereafter, through subagents, showed the property to several parties but without any result. In March, 1926, subagents brought one Harry Abramson to look over the apartment building, and plaintiff came there and met and talked with Abramson. Defendants were

not present. The subagents had priced the property to Abramson at $50,000. Abramson finally offered to pay $45,000, but on condition that $12,400 par value of Stronge Warner Company corporate stock be taken at par as part of the purchase price. Plaintiff communicated this offer to defendants and gave them the name of the proposed purchaser but no information as to where he could be found. He made no effort to bring Abramson and defendants together. Defendants refused to accept the Stronge Warner Company stock as part payment. Plaintiff then called Abramson by telephone and told him that the owners did not wish to entertain his offer, or, as testified to by Abramson and not denied, plaintiff said: "The stock wouldn't be accepted; the stuff is off." Plaintiff never made any further effort to interest Abramson, and neither he nor any of his subagents saw or communicated with Abramson after that. This all took place not later than March, 1926. Plaintiff testified that he or his agents did take some other parties out to see the property after that but obtained no results, and that in August, 1926, he ceased all efforts to find a purchaser for this property.

After his negotiations with plaintiff in March, 1926, Abramson turned in $7,500 of his Stronge Warner stock on a property deal with other parties, but that transaction was not carried out, or was rescinded, and the stock was returned to him in June.

In the last part of August or first part of September, 1926, a real estate agent by the name of Straus, not connected in any way with the plaintiff, came to Abramson and offered to show him some apartment buildings that were for sale. Abramson did not know what buildings were to be shown. Straus took Abramson to defendants' building. Abramson then informed Straus that he had been through that building before with the plaintiff, Mr. Dorgeloh, and that it was not necessary for him to go through it again. Straus shortly thereafter took Abramson and Mrs. Abramson out to the building, and Mrs. Abramson went through and examined it. Straus then brought Abramson and defendants together, and they carried on negotiations over a period of time. Abramson offered $40,000 for

the property, with the Stronge Warner stock to be taken in as part payment for $12,400. Finally an agreement was reached whereby Abramson purchased the property for $43,000, and the Stronge Warner stock was taken by defendants as part payment for $12,400. The parties met in Straus' office, and the contract was there made and signed, apparently some time after September 15, 1926. The contract has not been returned here, and we have not the exact date. Plaintiff was not informed and knew nothing about the transaction until in the spring of 1927.

■ In Armstrong v. Wann, 29 Minn. 126, 12 N. W. 345, the rule is stated that a real estate broker, in order to be entitled to a commission, must have been the procuring cause of the sale. The sale must have been the result of the means and efforts employed by him; must have proceeded from those means and efforts. This holding has since been adhered to by this court. Putnam v. How, 39 Minn. 363, 40 N. W. 258; Dole v. Sherwood, 41 Minn. 535, 43 N. W. 569, 5 L. R. A. 720, 16 A. S. R. 731; Cullen v. Bell, 43 Minn. 226, 45 N. W. 428; Baars v. Hyland, 65 Minn. 150, 67 N. W. 1148; Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15.

■ The plaintiff had no exclusive agency to sell or procure a purchaser. The offer made by the prospective purchaser found by him was refused by the sellers on valid grounds. Plaintiff never brought the prospect and the owners together or into communication so that they could negotiate. After the offer was refused, plaintiff abandoned any further efforts to bring about a sale to the prospect found, and before the sale was made had ceased all efforts to find any purchaser. After the offer was declined, neither he nor the one who had made the offer had any intention or expectation of further negotiations. The matter was at an end. It is clear that except for the fact that the broker Straus, wholly independent of any effort of or connection with plaintiff, found this same party, Abramson, and took him to defendants and induced negotiations between them, no sale would have been effected. It does not appear that anything done by plaintiff induced or brought about the sale. No evasion or bad faith is claimed or shown. Hence he was not the procuring or efficient cause of the sale.

The cases already cited from this court and the following cases from other states tend to sustain the trial court. McGavock v. Woodlief, 20 How. (U. S.) 221, 15 L. ed. 884; Dolan v. Scanlan, 57 Cal. 261; Carper v. Sweet, 26 Colo. 547, 59 P. 45; Babcock v. Merritt, 1 Colo. App. 84, 87, 27 P. 882; Rosenfield v. Wall, 94 Conn. 418, 109 A. 409, 9 A. L. R. 1189; Rockwell v. Newton, 44 Conn. 333; Lipe v. Ludewick, 14 Ill. App. 372; Carlson v. Nathan, 43 Ill. App. 364; Watts v. Howard & Calkins, 51 Ill. App. 243; Garcelon v. Tibbetts, 84 Me. 148, 24 A. 797; Dowling v. Morrill, 165 Mass. 491, 43 N. E. 295; Crowninshield v. Foster, 169 Mass. 237, 47 N. E. 879; Whitcomb v. Bacon, 170 Mass. 479, 49 N. E. 742, 64 A. S. R. 317; Smith v. Kimball, 193 Mass. 582, 79 N. E. 800; In re Nielson, 236 Mass. 1, 127 N. E. 514; Ramsey v. West, 31 Mo. App. 676; Burkholder v. Fonner, 34 Neb. 1, 51 N. W. 293; Barnard v. Monnot, 33 How. Pr. (N. Y.) 440; Wylie v. Marine Nat. Bank, 61 N. Y. 415; Smith v. McGovern, 65 N. Y. 574; Harris v. Burtnett, 2 Daly (N. Y.) 189; Chandler v. Sutton, 5 Daly (N. Y.) 112; Raynor v. Reinhard, 110 Misc. 674, 180 N. Y. S. 690; Earp v. Cummins, 54 Pa. 394, 93 Am. D. 718; Glascock v. Vanfleet, 100 Tenn. 603, 46 S. W. 449.

We conclude that the trial court was right in directing a verdict for the defendants.

Judgment affirmed.