The opinion of the court was delivered by
Valentine, J.:
This was an action brought by A. L. Austin against B. B. Eggleston, to recover compensation as a real-estate broker for selling certain land belonging to Eggleston. Judgment was rendered in the court below in favor of the plaintiff, Austin; and the defendant, Eggleston, now brings the case to this court.
The plaintiff in error submits three principal questions to to this court: First, that the evidence' introduced in the court below does not sustain the verdict and judgment rendered in that court; second, that the court below erred in refusing to instruct the jury as follows: “Where several brokers are openly employed to effect the sale of the same property, the entire duty of the seller is performed by remaining neutral between them; and he has the right to make the sale to a buyer produced by either or any of them, without being called upon to decide between these agents as to which of them was the primary cause of the purchase; ” third, that the court below erred in permitting certain evidence to be introduced to the jury.
*247 We shall consider these question in their order:
I. It is claimed-that the evidence introduced in the court •below does not sustain the verdict and judgment rendered in that court, because it does not show that the plaintiff, Austin, was the primary, efficient and procuring cause of the sale of the land. This is a question of fact, and it was fairly submitted to the jury upon conflicting and contradictory evidence, and the jury found in favor of the plaintiff below and against the defendant, and as we think, upon a fair preponderance of ■the evidence. Of course the evidence of the defendant shows differently; but the jury found in accordance with the evidence of the plaintiff, and we cannot say that their finding was erroneous.
II. The plaintiff in error claims that the court below should have given the above-quoted instruction. We think the above-quoted instruction would be good law in some cases, (Vreeland v. Vetterlein, 33 N. J. Law, 247,) but we do not. think it is applicable in the present case, and think that it would be bad law and erroneous if given in the present case. Where an owner of real estate openly employs several brokers to sell such real estate, and then remains neutral between them, and where one of such brokers brings to him a purchaser, he may immediately convey the property to the purchaser, and pay the broker, without any inquiry as to whether one of the other brokers may not have had something to do in effecting the sale: but that is not this case. In the present case, the defendant employed the plaintiff to sell his land. He also employed the firm of Healy & Neiderlander to sell the same. The plaintiff, Austin, was the first person to introduce the purchaser to the defendant, Eggleston; he was the first person to take the purchaser to the land and to show it to him; and when he took the purchaser out to show him the land, he also took the defendant with him, and they were all upon the land together; and the plaintiff then obtained the assistance of an old friend of the purchaser’s to assist him in making the sale — and of all this the defendant had knowledge. Also, when the purchase and *248 sale were finally agreed upon, and before they were completed by executing the papers, the plaintiff gave notice, to the defendant that he claimed to be the person who had effected the sale, and who was the primary, efficient and procuring cause-of the sale, and that he demanded that he be paid his commission for procuring the sale; and the defendant agreed, according to the plaintiff’s testimony, that he would not pay any person for selling the land until it was ascertained who-the real seller was. The plaintiff claimed $150 for procuring-the sale. The defendant, however, immediately after this-conversation, on the same day, and in the same forenoon,, executed the papers and paid the firm of Healy & Neiderlander $50 for making the sale, they agreeing to take that amount as full compensation for all they had done and performed in procuring the sale. The defendant then refused to pay the plaintiff anything for his time, or trouble, or expense in procuring the sale, and the plaintiff then commenced this action for the same, claiming, as above stated, $150. The jury on the trial allowed him $100, for which amount judgment was rendered by the court below.
Under these circumstances, we think the foregoing instruction would be erroneous and misleading. The plaintiff was-entitled to compensation for selling the land, and the defendant knew it before he paid any other person; and he agreed-that he would not pay any other person (so the plaintiff testifies) until it was ascertained who was entitled to the compensation.
III. We cannot reverse the judgment of the court below upon the ground that the court below erroneously permitted certain evidence to be introduced on the trial. First, the plaintiff in error has not designated in his brief where we shall find such evidence, or any statement concerning it, in the record;. second, the objection to the evidence was general, and no reason was given to the court below why it should be excluded; (see authorities cited in Dassler’s Digest, pp. 228, 229, Nos. 211, et seq.;) and, third, the evidence seems to have been- *249 properly admitted under the latitude of cross-examination of the defendant himself as a witness.
The judgment of the court below will be affirmed.
All the Justices concurring.