## W. H. GENTRY v. ELIZABETH S. C. KELLEY.

1. INSTRUCTIONS—*No Error.* Both the instructions given and those refused examined, and *held*, that the record does not disclose any material error in connection therewith.

2. CHATTEL MORTGAGE—*Validity*—*Intention of Mortgagee.* Where the validity of a chattel mortgage is involved in the issue on trial, it is not error to permit the mortgagee to testify directly what her intention in taking the mortgage was.

3. REMARKS OF COURT—*Harmless Error.* The record examined, and *held*, that while the language of the court, expressing an opinion on a question of fact during the trial of the cause, in the presence of the jury, constitutes error, yet in this case, in view of the evidence on the point to which the remarks of the court related, such error is not material, and therefore not reversible.

*Error from Saline District Court.*

ACTION by *Elizabeth S. C. Kelley* against *W. H. Gentry*, as sheriff of Saline county, to recover damages for the conversion of certain merchandise. Verdict for plaintiff. New trial denied, and judgment entered at the March term, 1889. Defendant brings error.

*D. J. Haynes*, and *Lovitt & Norris*, for plaintiff in error:

The court below erred in giving the sixth paragraph of its instructions to the jury. No instruction is proper that is not based upon evidence given upon the trial of the cause. Thomp. Trials, § 2315, and cases cited; *Swank v. Nichols*, 24 Ind. 201; *Coughlin v. The People*, 18 Ill. 267; *Webster College v. Tyler*, 35 Mo. 268; *Oliver v. The State*, 39 Miss. 539; *Cothran v. The State*, 39 id. 547; *Brown v. Insurance Company*, 86 Mo. 54; *Jones v. The State*, 65 Ga. 506. We submit that there was not a word of evidence given upon the trial of the cause in the court below upon which to base that part of the instructions of that court.

The court erred in refusing to give to the jury the fourth instruction asked for by the plaintiff in error, that if they believe "from the evidence that the plaintiff, at the time she let her two sons have the $7,000, intended the same as a gift to them, or as an advance not to be repaid to her by them, they will find for the defendant; and that in determining that fact they may take into consideration the relationship of the parties, the plaintiff and the said J. T. and A. D. Kelley, the difference in the dates of the notes and chattel mortgage, the fact that neither were given at the time the money was paid to them by the plaintiff, together with all other facts and circumstances connected with the case."

One of the principal questions involved upon the trial of the case in the court below was as to the fraudulent conduct of the defendant in error in accepting the notes and chattel mortgage from her sons, and one of the facts which we relied upon largely to establish that fraud was, that the money was

given to the Kelley brothers upon the 23d day of November, 1887, while the notes showed upon their face that they were given November 23, 1888, which was after the suit of the Baker Wire Company v. Kingman & Kelley had been filed in the district court of Saline county, Kansas. The question thus presented was one of fact for the exclusive consideration of the jury, and it was highly improper and grossly erroneous for the judge of the court below to express his opinion upon that question of fact in the presence and hearing of the jury. *McMinn v. Whelan*, 27 Cal. 320; *Hair v. Little*, 28 Ala. 236; *Andrews v. Ketcham*, 77 Ill. 377; *The State v. Harkin*, 7 Nev. 377. But the court assumed that prerogative, and said, in the presence and hearing of the jury, that "it seems to me that it is plain from the mortgage here that this (referring to the date of the notes) is simply a mistake of the date of the year."

*Garver & Bond*, for defendant in error:

The only errors alleged and insisted upon in this court are in the instructions given by the court below and instructions refused. No complaint is made as to the rulings of the court on the admission of evidence except in one particular, wherein counsel for plaintiff in error claim that the court erred in permitting the plaintiff to testify with reference to her intentions and purposes in taking the mortgage upon the goods embraced thereby. That a party to a transaction which is alleged to be fraudulent may testify as to his own intentions and motives in the transaction has been decided and settled by this court, and such decision fully justifies and sustains the ruling complained of. *Gardom v. Woodward*, 44 Kas. 758.

The first complaint is made as to the instructions of the court, being the paragraph marked 6. The particular complaint made to this instruction is, that the court told the jury that if they found from the evidence "that it was agreed at the time, outside of said mortgage, by the parties thereto, that the mortgagors should retain possession of said property and sell the same for plaintiff as her agents, and account to her for the proceeds of such sales after deducting reasonable expenses

for making the same, then said mortgage is valid," so far as the possession and selling of the goods was concerned, after such mortgage was given. The objection of counsel is extremely technical, and is based upon the erroneous idea that there was nothing in the evidence which tended to show that there was an understanding, about the time the mortgage was executed, that the mortgagors should continue in possession of the goods as agents of the mortgagee, and dispose of them for the payment of her debt. While there may not be any evidence showing that such understanding was indicated by any very formal agreements expressed in formal language, yet the testimony clearly shows that such was the intention and understanding of the parties, and the agreement was expressed with as much formality as one would expect between mother and sons. The words, "agreed at the time outside of said mortgage," certainly cannot be taken to mean, or to be intended by the court to convey the idea, that such agreement must have been made at the exact moment when the mortgage was signed and delivered. The ordinary and reasonable construction to put upon the language is, that such agreement was had previous to the disposal of any goods, and that is all the law requires.

Even if the instruction should be construed with the strictness of limitation as to time that counsel insist upon, then we submit that the instruction as given was prejudicial to the rights of the plaintiff below rather than of the defendant; for an agreement made cotemporaneously with the execution of the mortgage, or at any time thereafter but prior to the selling of the goods, would be sufficient to meet the legal requirements, and such a strict limitation as to time would be error of which the mortgagee might complain, but certainly not a creditor.

Complaint is also made because, during the progress of the trial, the court, in passing upon an objection of the defendant with reference to the apparent discrepancy in the dates of the notes offered in evidence and the notes described in the chattel mortgage, stated that it seemed to the court that the dis-

crepancy of dates was simply a mistake. Even allowing full weight to all that counsel say on this matter, the remark of the court was not to the jury, nor made under circumstances that could properly be considered as likely to influence the jury. If counsel, at the time, thought that the remark might prejudice any substantial right of the defendant, they should have requested the court to instruct the jury that they were not to consider it in arriving at their verdict.

Opinion by STRANG, C.: Action to recover damages for the conversion of certain merchandise. J. T. and A. D. Kelley, hardware merchants in the city of Salina, Kas., received from their mother, the defendant herein, $7,000, and gave their notes and a mortgage upon a stock of hardware as alleged security therefor. The mortgage was executed June 15, 1888, and filed immediately for record in the office of the register of deeds. June 21, 1888, the Baker Wire Company commenced a suit against Kelley & Kingman, a firm that was succeeded by Kelley Bros., and issued an attachment therein, which was levied by the plaintiff in error, the sheriff of Saline county, upon a portion of said stock of hardware, and removed and sold it. Mrs. Kelley, the mortgagee, commenced this suit against the sheriff for the conversion of the goods. The defendant below admitted the taking of the goods on the attachment, alleged that they were the property of A. D. and J. T. Kelley, doing business as Kelley Bros., and that the mortgage under which Mrs. Kelley claimed the goods was made to hinder and delay the creditors of Kelley Bros., and was fraudulent and void. The case was tried by a jury, and a verdict and judgment rendered in favor of Mrs. Kelley, sustaining her mortgage, and giving her damages in the sum of $1,049. Motion for a new trial was overruled, and the defendant brings the case here for review.

The first complaint of the plaintiff in error relates to the sixth paragraph of the court's instruction. The exception relates to the following language in the instruction: "And that it was agreed at the time, outside of said mortgage, by the par-

ties thereto, that the mortgagors should retain possession of said property and sell the same for plaintiff as her agents, and account to her for the proceeds of such sales after deducting reasonable expenses for making the same, the said mortgage is valid." It is alleged against this part of the instruction that there is no evidence to base it upon. Plaintiff in error claims that there is no evidence in the case showing that any agreement between the mortgagors and the mortgagee was made, at the time the mortgage was delivered, for the mortgagors to remain in possession and sell the goods for the mortgagee.

We think the evidence establishes an agreement outside of the mortgage, by which the mortgagors were to remain in possession and sell the goods for the mortgagee and account to her for the proceeds of such sales, and that such agreement was carried out between the parties thereto. Whether the agreement was made at the date of the mortgage or not we are unable to say; but the evidence tends to prove that it was, and the verdict of the jury includes a finding to that effect. Nor do we think it material whether the agreement was cotemporary with the making of the mortgage, if it was made and the mortgagors were in possession of the goods, selling them for the mortgagee under said agreement, when the sheriff levied his attachment and removed a portion of the goods. The verdict of the jury includes a finding that they were, and we think there is plenty of evidence in the record to support such finding, and therefore evidence upon which to base the instructions complained of.

We think our views in relation to the instruction just considered disposes of the complaints with respect to instruction 16. Plaintiff complains of the action of the court in refusing the fourth instruction asked by the defendant below. This instruction is sufficiently covered by instruction 17 given by the court, and therefore this objection is not tenable.

The next contention of the plaintiff in error is, that the court erred in the measure of damages adopted at the trial of the case. It is alleged that the proper measure of damages was

the value of the goods taken in Kansas City, St. Louis, or Chicago, or some other wholesale point, with ·the freight to Salina added, while the court held that the measure of damages was the value of the goods in Salina, where they were converted.    We think the court was right.

It is alleged that the court erred in permitting the defendant in error to state, over the objection of the plaintiff in error, what her intention was in taking the chattel mortgage from her sons.    This court, in the case of *Gardom v. Woodward*, 44 Kas. 758, has settled this contention against the plaintiff in error.    In that case the court says :

"Upon a question of fact as to whether a sale of personal property was made for the purpose of hindering, delaying and defrauding the creditors of the seller, it is competent for the seller as a witness to testify directly as to whether he in fact intended by the sale to hinder, delay or defraud his creditors."

It is also claimed that the case should be reversed for the reason that the court expressed an opinion on a question of fact in issue in the case in the presence of the jury.    The record shows that, in stating his ruling upon a question of the admissibility of evidence, the court used the following language in the presence of the jury, in speaking of a note and mortgage offered in evidence: "It seems to me that it is plain, from the mortgage here, that this is simply a mistake of the date of the year."    The note appeared to be dated nearly a year subsequent to the date of the mortgage given to secure it.    It was claimed that there was a mistake of a year in the date of the note.    The alleged debt for which the note was given was created in November, 1887.    The note was made about three months afterward, but was intended to be dated as of the date of the creation of the debt — November, 1887 — but was actually dated November, 1888.    It is error for a court to express an opinion on a question of fact being tried by a jury, in the presence of a jury; but in this case the error of the court was not material, because the undisputed evidence showed a mistake had been made in the date of the note. The error of the court, not being material, is not a ground for

reversing the case.   These being all the questions presented to this court, it is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.