L. M. BICE v. P. A. ROGERS, *as Sheriff of Ness County.*

FRAUDULENT CONVEYANCE — *Intent of Grantor.* Upon an issue of fact as to whether a transfer of property was made to hinder, delay or defraud creditors, it is competent, where the one making the transfer is a witness, to inquire of him whether in making the transfer he intended to hinder, delay or defraud his creditors. (*Gardom v. Woodward*, 44 Kas. 758.)

*Error from Ness District Court.*

ACTION of replevin by *Bice* against *Rogers*, as sheriff. Judgment for defendant at the September term, 1889. Plaintiff comes to this court. The opinion states the facts.

*N. H. Stidger,* and *Geo. S. Redd,* for plaintiff in error:

In cases of fraud, the burden of proof is always on the party alleging fraud; so in this case the burden of proof was on the defendant, to show that the chattel mortgage in question was executed for the purposes alleged in his answer. *Angell v. Pickard,* 28 N. W. Rep. (Mich.) 680; *Hombs v. Corbin,* 34

Mo. App. 393; *Kipps v. Lamereaux*, 45 N. W. Rep. (Mich.) 1002.

This being the case, if there was any proof submitted by the defendant to show a fraudulent intent upon the part of either the plaintiff or G. D. Bice, it was competent for the plaintiff in the rebuttal to show by witness Bice that no such fraudulent intention existed. See *Gardom v. Woodward*, 44 Kas. 758; *Campbell v. Holland*, 35 N. W. Rep. (Neb.) 871; *Nixon v. McKinney*, 105 N. C. 23.

*Buchan, Freeman & Porter*, for defendant in error:

It is assigned as error that the court refused to allow witness G. D. Bice to testify as to his intention in executing the chattel mortgage. Our answer to this is, the question as put was too broad, and called for his general intentions. It should have been confined to the question of *bona fides*. If he had been asked the question directly, "State whether or not you made that chattel mortgage to hinder or defraud or delay your creditors," it might have been admitted. This in substance is the form of the question authorized by all the cases.

In *Campbell v. Holland*, 22 Neb. 528, the exact question passed on was this: "I will ask you to state whether or not the sale and transfer of this property in controversy was made for the purpose of defeating or hindering any of your creditors in the collection of their debts." In *Gardom v. Woodward*, 44 Kas. 760, the question was: "He charges you with having assigned your property, or a part thereof, with the intent to hinder, defraud and delay your creditors. Is that true—did you have any such intent?" As Mr. Justice VAL-ENTINE says in that case, the vital question involved was, whether the sale was made in good faith, or was a mere sham. It was not the general intention of the vendor that was competent, but his particular intention on this point; that is, was it his intention to hinder, defraud or delay his creditors?

Further error is alleged because the court overruled plaintiff's offer to prove certain things. This offer was objectionable because it was too broad; it contained an offer to prove

by G. D. Bice that L. M. Bice took the mortgage as security, and with no other intention. A witness also is not to be permitted to testify as to the motive by which another person is or has been actuated. Motives are eminently inferences from conduct. Whar. Law of Ev. 508.

In place of making a general offer of what he expected to prove, mingling together questions proper with others improper, the plaintiff in error should have submitted his questions in proper form.

The opinion of the court was delivered by

JOHNSTON, J.: This was action of replevin, brought by L. M. Bice against P. A. Rogers, as sheriff of Ness county, to recover the possession of a stock of merchandise. The plaintiff claimed a special ownership in the property under a chattel mortgage executed to him by his son to indemnify the father for an indebtedness of over $7,000, for which he had become security for the son, and which he was subsequently compelled to pay. The sheriff claimed under an attachment levied at the instance of several of the creditors of G. D. Bice, who alleged and claimed that the mortgage was not given in good faith, but was made with the intent to defraud, hinder and delay the creditors of G. D. Bice. It was shown and found by the jury that L. M. Bice was security for G. D. Bice in the Ness City Bank for the sum of $7,000, and that more than that amount of such security debt has since been paid by L. M. Bice. Although the chattel mortgage was given to indemnify L. M. Bice against this security debt, it was specifically found by the jury that the mortgage was given to hinder and delay the creditors of G. D. Bice, and that this was the purpose of both G. D. and L. M. Bice in the making and taking of the mortgage.

The purpose and good faith of the parties to this transaction were the principal questions submitted to the jury. Having alleged that the mortgage was made with fraudulent intent, it devolved upon the defendant to show that it was executed for the alleged purpose. Some proof was offered tending to

14—52 KAS.

show a fraudulent intent on the part of G. D. Bice, and, after the admission of this testimony, Bice was called as a witness in rebuttal, and was asked the following question, "Mr. Bice, I will ask you what your intentions were in making the chattel mortgage to the plaintiff in this case?" An objection was made by the defendant, upon the ground that it was not rebuttal testimony, which objection was sustained by the court. The plaintiff then offered to prove that the witness "had no intention in the execution of the mortgage in question to hinder, delay or defraud any of his creditors, but that the plaintiff was security for him for a large amount of indebtedness, to the amount of about $7,000, and that the only intention witness had was to secure the plaintiff by reason thereof." Plaintiff also offered to prove by the same witness that his father only took this mortgage as security, and with no other intention. The offer was refused, upon the ground that it was not rebuttal testimony, and the exclusion of this testimony is the principal error complained of.

Under the issues in the case, the intent of Bice in the execution of the mortgage became a material question, and when proof was offered tending to show that his purpose was to hinder, delay or defraud his creditors, it was competent for him to rebut and contradict it with testimony showing honesty and good faith. It is now contended that the form of the question and of the offer were too broad and general, but no such objection was raised to their admission. The only objection made was that it was not rebuttal testimony. We think the testimony should have been admitted, and that its exclusion was prejudicial error. It is now well settled that, upon an issue of fact as to whether a transfer of property was made for the purpose of hindering, delaying or defrauding creditors, it is competent, where the one who transfers is a witness, to inquire of him whether in making the transfer he intended to hinder, delay or defraud his creditors. (*Gardom v. Woodward*, 44 Kas. 758.)

Some other objections are made, but none of them are deemed to be sufficiently material to require comment.

The judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.