PHILIP JOHNSON v. JOHN DYSERT *et al.*
No. 13,913. (79 Pac. 652.)

SYLLABUS BY THE COURT.

1. AGENCY —*Action for Commission—Incompetent Evidence.* In an action by a real-estate broker to recover commissions for the sale of a farm the seller defended on the ground that another agent induced the purchaser to buy. The purchaser was called as a witness and asked who, as agent, induced him to enter into the negotiations and contract. *Held*, that an objection to the question was properly sustained, for the reason that it called for an inference drawn by the witness from his own mental processes, and did not relate to an existing fact.

2. ——— *Cases Followed.* The cases of *Eggleston v. Austin*, 27 Kan. 245, and *Latshaw v. Moore*, 53 id. 234, 36 Pac. 342, followed.

Error from Franklin district court; CHARLES A. SMART, judge. Opinion filed February 11, 1905. Affirmed.

*Deford & Deford*, for plaintiff in error.

*W. S. Jenks*, for defendant in error.

The opinion of the court was delivered by

WILLIAM R. SMITH, J.: Dysert & Case, real-estate agents, brought an action against Johnson to recover a commission alleged to have been earned by them in

making a sale of his farm.   Defendant below denied liability and offered evidence tending to show that he never employed plaintiffs to make the sale, and, further, that one Blair, who bought the land, was induced thereto by a Mr. Baker, who alone was employed by the defendant as his agent to procure a purchaser. Judgment went against Johnson, of which he complains.

To support their case plaintiffs below introduced the deposition of Blair, the purchaser.   On cross-examination counsel for Johnson asked this question of the witness :

"You may state who, as agent, if any one, induced you to enter into this contract, or to enter into negotations with Mr. Johnson for the purchase of his farm."

The question was objected to by plaintiffs on the ground of incompetency, calling for a conclusion of the witness, and usurping the province of the jury. The objection was sustained by the court.   The answer, "Mr. Baker," was not read to the jury. Plaintiff in error contends that no other person than the buyer of the land could have had knowledge of the moving cause which induced him to make the purchase, and, as the agent who was the primary, producing and efficient cause in effecting the sale can alone recover a commission, that the answer of the witness ought to have been received to assist the jury in determining that question.

We think the answer was properly excluded.   The cases of *Gardom v. Woodward*, 44 Kan. 758, 25 Pac. 199, 21 Am. St. Rep. 310, and *Bice v. Rogers*, 52 id. 207, 34 Pac. 796, are not in point.   There parties were alleged to have made conveyances with *intent* to defraud creditors, or to hinder and delay them in the

collection of their debts. The persons thus charged were permitted to testify directly respecting their intentions. The intent with which the acts were done was the essential thing to be proved and decided. It was the very issue to be tried. These cases rest on the proposition that the intent is a fact and not an opinion. The question before us received considera. tion in *Flanders v. Cottrell and another*, 36 Wis. 564, 570, 571, where in an action by a broker to recover a commission for the sale of a printing-press, the question litigated was whether plaintiff was instrumental in enabling defendants to make a sale. The deposition of a witness, Cameron, one of the purchasers, was offered. The interrogatories and answers ruled out amounted to an offer or attempt to prove by him that whatever one Noonan said to induce the purchase had no weight with him, but that he was prompted by other influences. The court said :

"We think that the testimony was properly rejected. The witness was allowed to testify to all facts within his knowledge, bearing upon the issue ; and it was for the jury, and not the witness, to determine from all the facts proved, whether the sale of the press was effected through the instrumentality of Noonan, or otherwise. . . .

"We are very clearly of the opinion that the testimony in this case which the court rejected did not relate to an existing fact, but was merely an inference drawn by the witness from his own mental processes. We are not aware of the existence of any. rule of evidence which will justify the admission of such testimony."

A like question arose in the supreme court of Nebraska. (*Burkholder v. Fonner*, 34 Neb. 1, 3, 51 N. W. 293.) In an action by a real-estate broker to recover compensation for making a sale on behalf of plaintiff, the purchaser of the land was sworn. After he had

detailed all the facts in connection with the transaction so far as the witness was concerned, he was asked by plaintiff's counsel to state from whom he purchased the farm and upon whose representation he relied. An objection to the question was sustained. The court said :

"We are unable to see any error in the ruling. The question is clearly incompetent as calling for the conclusion of the witness upon a material issue in the case, which it was the province of the jury to determine. It was for the jury to say, from all the facts and circumstances proven, under proper instructions, whether or not Mr. Cox exchanged for the farm through plaintiff's instrumentality." (See, also, *Stinde v. Blesch*, 42 Mo. App. 578 ; *Marlatt v. Elliott*, 69 Kan. 477, 77 Pac. 104.)

In the present case the witness Blair detailed the conversations had by him with Dysert & Case and Baker while the negotiations were on, and stated what was said to him and done by them respecting the sale of the farm. From such testimony the jury were to decide which of the two agents induced the sale, and whether the efforts of one or the other was the procuring and efficient cause. The question propounded reached into the domain of psychology and involved a speculative inquiry into the mental processes of the witness, his susceptibility to the influence of argument, and his ability to distinguish between true and false logic. The jury were instructed that plaintiffs below could not recover unless their efforts constituted the primary, producing and efficient cause of the sale. This was in accord with the expressions of this court on the subject. (*Eggleston v. Austin*, 27 Kan. 245 ; *Latshaw v. Moore*, 53 id. 234, 36 Pac. 342. See, also, *Whitcomb v. Bacon*, 170 Mass. 479, 49 N. E. 742, 64 Am. St. Rep. 317 ; *Hoadley v. Savings Bank of*

*Danbury*, 71 Conn. 599, 42 Atl. 667, 44 L. R. A. 321. and note.)

The wording criticized in one of the instructions, in which reference is made to plaintiffs' setting on foot the negotiations resulting in a sale, must be taken in connection with the other directions to the jury, from which by the positive language used there can be no doubt that the court instructed them in accordance with the true rule.

The judgment of the court below is affirmed.

All the Justices concurring.