JACOB JENKINS V. U. M. BEACHY.
No. 14,106.   (80 Pac. 947.)

Error from Franklin district court; CHARLES A. SMART, judge.   Opinion filed May 6, 1905.   Affirmed.

*Pleasant & Pleasant*, for plaintiff in error.
*Benson & Harris*, for defendant in error.

*Per Curiam*:   The amended petition counted on a contract in writing that was pleaded for a lump commission amounting to three per cent. of the given value of the land.   The allegation that the agreed amount for selling the land was the reasonable value of the plaintiff's services in that behalf was immaterial, and not prejudicial to the defendant.   The jury found against Jenkins on the question of a time limit to the contract, which finally disposed of that controversy.   The same can be said of the authority of Beachy to sell one of the farms.   His authority to sell the 240-acre farm was testified to by Jenkins.

Several questions were asked of a witness by counsel for defendant below which called for conclusions.   The competency of such testimony was considered in the late case of *Johnson v. Dysert*, 70 Kan. 730, 79 Pac. 652.   A buyer of land cannot be permitted to testify in a general way by giving his opinion as to which of two persons induced him to make the purchase.

---

* Pending in the supreme court of the United States on a writ of error allowed June 19, 1905.

The particular questions of fact numbered 13, 15, and 17, which the court refused to submit to the jury, if answered, would have involved a recitation by the jury of a large part of the testimony. Defendant, by these questions, in effect called for a special verdict. (*Foster v. Turner,* 31 Kan. 58, 1 Pac. 145.)

There was testimony sufficient for the consideration of the jury as to whether Beachy was the procuring cause of the sale. According to the testimony of Beachy, Mr. Jenkins asked him: "If I sell the farm to Stadt will you claim your commission?" With an affirmative answer to this question Jenkins afterward sold the farm to Stadt. We find no error in the case. The judgment is affirmed.