## C. J. HIERONYMUS, Respondent, v. A. A. ATTERBURY, Appellant.

### Kansas City Court of Appeals, May 15, 1911.

1. **REAL ESTATE AGENT: Several Agents: Commission.** If an owner of land places it in the hands of several agents for sale, none of them having the exclusive right, he only owes one commission and that will be due the agent who is the first and procuring cause of the purchaser buying.

2. ———: ———: **First Sale: One Commission.** If each of several agents claims to have made a sale to different persons, all qualified to buy, the owner will only owe a commission to the agent who first produces the purchaser.

3. ———: ———: ———: ———. An owner of real estate living in a distant state, left his farm in this state in the hands of two real estate agents for sale at $55 per acre. One of them telegraphed to the owner that he had an offer of $55 per acre, which was the best he could get, and advised him to sell. The owner immediately telegraphed to accept. In a few moments he received a telegram from the other agent stating he had sold. He then telegraphed the first agent that the land was already sold and recalled his acceptance. It appeared that the second agent had sold the land and received $500 cash payment. The owner made deed to this purchaser and paid the second agent his commission. It was *held*, that a judgment for the first agent was erroneous.

Appeal from Pettis Circuit Court.—*Hon. Charles Hoffman*, Judge.

REVERSED.

*Sangree & Bohling* for appellant.

(1) Where the property is in the hands of several brokers, the commission is due the broker, who is the procuring cause of the sale. Wright et al. v. Brown, 68 Mo. App. 577. Where two or more real estate brokers are employed to sell the same property, the commission is to be paid to whoever makes the sale. Votane v. McKeever, 76 Kan. 870. (2) The owner of real estate, by

the general employment of a real estate agent or broker to effect a sale, does not thereby preclude himself from employing other agents for the same purpose, or from effecting a sale himself, provided that in making the latter sale he acts in good faith. Cook v. Forst, 116 Ala. 395; Levy v. Rothe, 17 Misc. 402; Chilton v. Butler, 1 E. D. Smith, 150; Goldsmith v. Cook, 39 N. Y. S. R. 57; Dole v. Sherwood, 41 Minn. 535, 5 L. R. A. 720; Freedom v. Havemeyer, 37 App. Div. 518. In such cases the general rule is that the principal is only liable for compensation to the one who effects the sale. Sussdorff v. Schmidt, 55 N. Y. 319; Ahern v. Baker, 34 Minn. 98; McGuire v. Carlson, 61 Ill. App. 295; Henderson v. Vincent, 84 Ala. 99; Martin v. Rillings, 2 N. Y. City Ct. Rep. 86. And the employment of more than one broker is a matter of the principal's own choosing, and, until he revokes the authority given, each broker has the right to find purchasers, and earn his commission. Fox v. Rouse, 47 Mich. 558. And if two or more brokers are employed there is no implied contract to pay more than one commission. Whitcomb v. Bacon, 170 Mass. 479. In such cases he may immediately convey to the purchaser brought to him by one of such brokers without any inquiry as to whether one of the other brokers may or may not have had something to do in effecting the sale. Eggleston v. Austin, 27 Kan. 247; McGuire v. Carlson, 61 Ill. App. 295. And the principal performed his duty when he remains neutral between them, and he has a right to sell to a purchaser produced by any of them without deciding which of them was the primary cause of the purchase. Vreeland v. Vetterlein, 33 N. J. L. 247, 24; Farrar v. Brodt, 35 Ill. App. 617. So, under an agreement to pay a commission to the one actually making the sale, the principal's duty is discharged when he pays the commissions to the one who actually closed the sale. Daniel v. Columbia Heights Land Co., 9 App. D. C. 483.

*A. L. Shortridge* for respondent.

(1)   When a real estate broker employed to sell lands by the owner, finds a purchased for the same, and does everything which he agreed to do, and the trade fails, not on account of any default on his part or that of the purchaser, but because it is repudiated by the landowner, the broker is entitled to compensation.  Harwood v. Diemer, 41 Mo. App. 49.   (2)   It is not necessary that the sale should be consummated, in order that the broker may claim his commission; if he produces a purchaser able and willing to buy, his right to his commissions can not be impaired by the owner refusing to consummate the sale.  Gwinnup v. Sivert, 106 Mo. App. 709; Goodson v. Embleton, 106 Mo. App. 77; Reeves v. Vette, 62 Mo. App. 440.

ELLISON, J.—This action was brought to recover commission for the sale of real estate alleged to have been made by the plaintiff.  He recovered judgment in the trial court.

It appears that defendant lived near the town of Arapahoe, in the State of Oklahoma, and that town was his postoffice address.  He owned a farm in Pettis county, Missouri, and had placed it in the hands of plaintiff, who lived in Sedalia, Mo., and Weinrick & Stambaugh, a firm of real estate agents residing in the same city, for sale, at the price of fifty-five dollars per acre.  He testified that he informed plaintiff during a visit to Sedalia that he could sell at fifty-five dollars per acre before he returned to Oklahoma, and after that it would be sixty dollars per acre.  But plaintiff testified that he was to sell at fifty-five dollars per acre "within the next 60 days and if he couldn't sell in that time—." Plaintiff did not finish the sentence, but he further stated that this was about a week or ten days before he "sold to Owenby."  On the 27th of October, 1909, plaintiff telegraphed defendant at Arapahoe, as follows:

"Fifty-five is the best offer can get. Sell, brother."
Defendant did not receive this telegram until the 30th,
when he got it in the mail. He thereupon immediately
telegraphed to plaintiff the following: "Close now at
fifty-five. Writing you." Before leaving the town for
his home, and a few minutes after sending that telegram
to plaintiff, he received the following telegram from
Weinrich & Stambaugh, dated at Sedalia, October 30:
"Farm sold; deed and letter will follow.—Answer."
Immediately upon receipt of this defendant sent the fol-
lowing telegram to plaintiff: "Later; farm is already
sold. Cancel my former message." Plaintiff received
this telegram on October 30, within one half hour after
his first. A few days afterwards, November 3rd, plain-
tiff wrote defendant the following letter: "Dear
Friend: You must come over, you have sold your farm
to J. P. Owenby, so, he will give you trouble if you don't
do him right, for he sold his farm to buy yours; we want
a deed, that's all. I know you will not disappoint him,
as he is a clean man. Will send deed soon to be signed."
And then, on the 6th of November, he sent defendant
the following telegram: "My buyer is ready to close
deal for farm, money ready. He insists on having farm.
Authorize me by wire to sign contract for you." De-
fendant did not respond to either the letter or telegram.

The evidence showed that plaintiff had priced the
farm to one Owenby and as soon as he got defendant's
first telegram he telephoned to Owenby that defendant
would accept. It also showed that Owenby was ready,
willing and able to buy.

The evidence further showed that defendant sold to
the party who purchased through Weinrich & Stam-
baugh, and paid them their commission for making the
sale.

On these facts ought plaintiff to recover? Where
the owner places his property in the hands of several
agents for sale, none of them having the exclusive right,
and each of them claims to have made a sale to different

persons, all qualified to buy, the owner will only owe a commission to the agent who first produces the purchaser. [Wright v. Brown, 68 Mo. App. 577; Votaw v. McKeever, 76 Kan. 870; Vreeland v. Vetterlein, 33 N. J. L. 247; Eggleston v. Austin, 27 Kan. 245; Whitcomb v. Bacon, 170 Mass. 479; Dole v. Sherwood, 41 Minn. 535; Cook v. Forst, 116 Ala. 395.]

Under the law as thus stated, if plaintiff had notified defendant that he had made the sale, he would have been entitled to the commission to the exclusion of the other agents. But his telegram indicates that he did not consider himself authorized to sell at fifty-five dollars per acre and he therefore stated therein to defendant that that was merely an offer and the best offer he could get. That telegram would suggest to defendant that the party making the offer might still not take it. It often happens that a mere tentative offer, without any binding forfeit, is abandoned. Therefore defendant had no notice of a sale, as now claimed by plaintiff, and he telegraphed to plaintiff to accept the offer and close the deal. But, as already stated, on the day he received plaintiff's telegram, his other agents had sold the farm and received cash payment of five hundred dollars, and telegraphed him, so that he received the word in a few minutes after he had answered plaintiff's telegram of the offer he had received. He then, immediately, telegraphed to plaintiff that the farm was sold.

We have not been cited to a case parallel to this, but we conclude from this evidence that plaintiff only presented an offer of a certain price, while the other agents presented a sale, which was later carried out by defendant and the commission paid to the parties thus making the sale. On this state of case the judgment should have been for the defendant, and it is accordingly reversed. All concur.