DAVID BAKER, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 16,892.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Evidence—Witness Competent to Testify as to His Own Intentions.* In an action against a railway company for damages alleged to have been caused by its employee riding a railroad tricycle over a highway crossing in a wantonly reckless manner, thereby frightening plaintiff's horse and injuring the owner, such employee is a competent witness to testify as to his motive and intention at such time, and the exclusion of his evidence fairly tending to show such motive and intention, *held,* to be prejudicial error.

Appeal from Bourbon district court. Opinion filed July 7, 1911. Reversed.

*John Madden,* and *W. W. Brown,* for the appellant.
*A. M. Keene,* and *E. C. Gates,* for the appellee.

The opinion of the court was delivered by.

WEST, J.:   Baker, in approaching a crossing of the defendant's track, was injured by his horse becoming frightened at a railroad tricycle passing in front at a speed of eight or ten miles an hour, and sued for damages.   The defendant appeals from the judgment rendered against it and alleges various errors.   It is necessary to consider but one—the exclusion of certain evidence.   The jury answered forty-seven special questions, finding the plaintiff negligent, and the defendant guilty of gross negligence in that its employee, when seventy feet from the crossing, realized that the plaintiff's horse was taking fright at the approaching tricycle on which such employee was riding, that he could have stopped within fifteen feet, that stopping would have prevented the injury, that he realized the plaintiff's danger when fifty feet from the crossing, but that he thereafter heedlessly and recklessly ran the tricycle in front of the horse maliciously and with intent to increase such danger.   The following questions were asked the rider of the tricycle, Knight, and an objection was sustained to each:

"Ques.   From your observation of the situation did you think that you could better matters by stopping the tricycle?

"Q.   Do you know of anything else that you could have done at any time to have prevented the injury?

"Q.   Now, Mr. Knight, state if you know of anything more that you could have done to have prevented this injury.

"Q.   State to the jury if you knew at that time, or at any time, or had reason to believe that your approach on the tricycle had caused that horse to act as it did.

"Q.   Now, Mr. Knight, was there anything willful or malicious in your action on that occasion?"

The defendant then made an offer as follows:

"Defendant offers to prove by this witness that he did not know or believe that his tricycle had caused the

horse to act as it did, and that he was going along slowly and took the best position that he thought he could with reference to the horse to prevent any injury, and stopped his tricycle at a point where he thought it would be the least objectionable to the public and person in question.

"Plaintiff objects; incompetent, irrelevant, immaterial and stating a conclusion of the witness.

﹅ "Court: The objection is sustained to everything except the manner in which he was traveling. He can state that again if you desire to ask him."

Later the following occurred:

"Ques. Now, Mr. Knight, state to the jury why you did not stop at any time along there when you saw this horse acting as it did act.

"Plaintiff objects; calling for his conclusion.

"Objection sustained. Defendant excepts.

"Defendant offers to show by this witness that the reason he did not stop when he saw the horse first commence to turn around was because the horse did not appear to be frightened, and that the action was very rapid at that particular time, and when the horse got to rearing and plunging at the bottom of the ditch there did not seem to be any use in stopping and that it would not do any good; and at that time he was fifty feet away on the right of way and the horse was paying no attention to him.

"Plaintiff objects; incompetent, irrelevant, immaterial and calling for conclusions of the witness.

"Objection sustained. Defendant excepts."

The vital issue was the alleged wanton negligence of the railway company which for the purposes of this case means only the wantonness of the employee and witness, Knight. He was the only one who could state from actual personal knowledge the motive and intent with which he acted. While actions may and often do speak louder than words, and are competent and often convincing evidence of motive, still the rule is almost without exception that when a person's motive is the issue he may give his version of the matter. The

weight of such evidence is for the jury but its competency is beyond question.

In *Gardom v. Woodward,* 44 Kan. 758, it was held that a seller of personal property charged with having intended by the sale to hinder and delay his creditors was competent to testify directly as to whether in fact he so intended. It was there said:

"The condition of a man's mind with reference to what he thinks, feels, believes, intends, and his motives, is always a fact, and it is a fact which is often required to be ascertained both in civil and in criminal cases; and only one person in the world has any actual knowledge concerning that fact, and that person is the one whose condition of mind is in question; and where he is a competent witness to prove such condition, he may testify to the same directly. Other witnesses can testify only to extraneous facts tending to prove this condition. He may also testify to such extraneous facts, but he may testify directly as to what the condition of his own mind is or was at any particular time, or on any particular occasion." (p. 761.)

A similar ruling was made with reference to the purchaser in *Frost v. Rosecrans,* 66 Iowa, 405, where it was said:

"It is a general rule that, where the intention or motive of a witness is a material question in the case, the witness may state what his intention or motive was." (p. 407.)

In *Olson v. United States,* 133 Fed. 849, an entryman was held competent to testify as to his intent, and whether it was to get the claim for the purpose of selling to another, and after stating that the question for the jury to determine was the purpose, intent and motive of the parties, it was said:

"That being so, it follows that the intent and motive of the party was the subject of inquiry, and the law we think to be that, whenever the motive, belief, or intention of the person is a material fact to be proved under the issue, it is competent to prove what such motive, belief, or intention was by the direct testimony

of such person whether he happens to be a party to the action or not." (p. 856.)

This is cited with approval in the text in section 2717 of volume 4 of Elliott on Evidence. Wigmore, in section 581 of volume 1 of his work on Evidence, lays down a similar rule, and states that in one jurisdiction only (Alabama) has any clear sanction been given to the contrary rule. The following decisions are also in point: *Gentry v. Kelley*, 49 Kan. 82; *Bice v. Rogers*, 52 Kan. 207; *The State v. Kirby*, 62 Kan. 436; *Johnson v. Dysert*, 70 Kan. 730; *Bowers v. Railway Co.*, 82 Kan. 95.

Such of the excluded evidence as fairly tended to show the motive and intent of Knight should have been received and its exclusion was prejudicial error.

The judgment is therefore reversed and the cause remanded with directions to grant a new trial.