GEORGE A. WILLIAMS, *Appellant*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY et al., *Appellees.*

No. 18,209.

SYLLABUS BY THE COURT.

1. CIVIL RIGHTS—*Denial of Entrance to Train—State of Conductor's Mind—Competent Evidence.* Where the ground of action is a violation of the plaintiff's civil rights by discriminating against him on account of his race and color, and the elements of willfullness and malice are involved, the person charged with making the discrimination may testify directly to the state of his mind during the transaction complained of.

2. —— *Honest Misunderstanding—No Malice—No Oppression—No Discrimination.* Where a person of African descent is denied admission to a limited train through an honest misunderstanding of the Pullman conductor as to the privileges claimed, and the transaction is free from malice, fraud, or oppression, he is not entitled to relief on the ground of discrimination against him on account of his race and color.

3. —— *Damages—Plaintiff Can Not Recover Price of Ticket Not Used.* The plaintiff purchased a railroad ticket good one day from the date of sale. He was excluded from one train and was obliged to take another later in the same day. He could have used the ticket, but chose to keep it as evidence, and purchased another. *Held,* he is not entitled to recover the price of the first ticket.

Williams v. Railway Co.

Appeal from Pratt district court; PRESTON B. GIL-LETT, judge. Opinion filed October 11, 1913. Affirmed.

*D. E. McCrory, E. R. Barnes,* both of Pratt, and *Carr W. Taylor,* of Hutchinson, for the appellant.

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for appellee The Chicago, Rock Island & Pacific Railway Company.

*Charles Blood Smith,* and *Samuel Barnum,* both of Topeka, for appellee The Pullman Company.

The opinion of the court was delivered by

BURCH, J.: The plaintiff, a person of African descent, sued the defendants for damages resulting from a claimed discrimination against him on account of his race and color. The verdict and judgment were for the defendants, and the plaintiff appeals.

The statute under which the action was brought reads as follows:

"That if any of the regents or trustees of any state university, college, or other school of public instruction, or the state superintendent, or the owner or owners, agents, trustees or managers in charge of any inn, hotel or boarding-house, or any place of entertainment or amusement for which a license is required by any of the municipal authorities of this state, or the owner or owners or person or persons in charge of any steamboat, railroad, stage coach, omnibus, street car, or any other means of public carriage for persons or freight within the state, shall make any distinction on account of race, color, or previous condition of servitude, the person so offending shall be deemed guilty of a midemeanor, and upon conviction thereof in any court of competent jurisdiction shall be fined in any sum not less than ten nor more than one thousand dollars, and shall also be liable to damages in any court of competent jurisdiction to the person or persons injured thereby." (Gen. Stat. 1909, § 2916.)

The petition alleged that the plaintiff purchased a ticket entitling him to become a passenger on the railway company's train No. 4, known as the Golden State

Limited, from the station of Pratt to the station of Topeka, and that when he attempted to enter the train at Pratt the Pullman conductor in charge of the entrance willfully, maliciously and unlawfully denied him admission because of his race and color, although white persons were received and allowed to ride. Both compensatory and punitive damages were claimed.

The train in question was a limited train consisting of Pullman cars and an observation car. In order to ride upon this train it is necessary that Pullman fare be paid in addition to railroad fare. The observation car was a railway company car and not a Pullman car. There are no observation car tickets and seats in that car may be occupied only by persons who purchase Pullman accommodations. Space in one of the Pullman cars is accorded to Pratt and may be reserved upon application made in advance. If reservation be not made in advance Pullman accommodations must be arranged for with the Pullman conductor of the train. These regulations apply to all passengers on the Golden State Limited, and their reasonableness is not an issue.

The plaintiff purchased a railroad ticket and presented himself for admission to the train at one of the open entrances in charge of the Pullman conductor. He had made no reservation of Pullman accommodations. He testified that he knew he had to pay extra fare, that he had the money ready to pay the extra fare, was willing to do so, and so informed the Pullman conductor, but that he was told he must have an "observation ticket," which could not be procured, and was denied admission, while white men were allowed to board the train. The evidence for the defendant was clear and abundant to the contrary, and fully justified the inference that the plaintiff rested his right to enter the train upon the possession of his railroad ticket alone. The jury has resolved the conflict in the evidence in favor of the defendants, and the controversy over the facts is closed.

The substance of the Pullman conductor's testimony was that persons applying for admission to the Golden State Limited very often do not understand that they must pay extra fare for Pullman accommodations; that after they are on the train they do not so understand; that the train can not be stopped to put such passengers off; that under such circumstances he had many times paid Pullman fares out of his own pocket, and consequently that it is important that he be assured he is to receive his Pullman collections. When the plaintiff arrived at the entrance to the train he first asked the plaintiff if he had a reservation, and then informed the plaintiff that there was excess fare to be paid and that he would have to buy Pullman accommodations to ride on that train. The plaintiff said he had a first-class ticket and was entitled to ride on that train, to which the conductor replied, "Yes, you are, provided you buy Pullman accommodations." The plaintiff said he was not so informed at the ticket office, and that he would go back to the ticket office. He went away and did not return before the train departed. The plaintiff said nothing about being willing to pay Pullman fare and made no offer to do so. The expression "observation ticket" was not used. Such tickets can not be purchased, because there are none. The conductor believed the plaintiff understood he paid for railroad and Pullman transportation combined when he purchased his railroad ticket—that his railroad ticket would go for everything—and that the plaintiff went back to the ticket office to discuss the matter with the ticket agent.

Complaint is made because the Pullman conductor was allowed to testify directly to the state of his own mind. The case is one in which such evidence is peculiarly appropriate. The gravamen of the charge was discrimination against the plaintiff because of his race and color. The elements of willfullness and malice were also included. Therefore the existence of a definite mental act and a definite mental attitude consti-

31—90 KAN.

tuted the substance of the issue. The conductor had actual knowledge of the facts respecting this issue, and indeed the only exact knowledge concerning them, and his testimony was clearly admissible under the rule which has been applied many times by this court. (*Gardom v. Woodward*, 44 Kan. 758, 25 Pac. 199; *Gentry v. Kelley*, 49 Kan. 82, 88, 30 Pac. 186; *Bice v. Rogers*, 52 Kan. 207, 34 Pac. 796; *The State v. Kirby*, 62 Kan. 436, 63 Pac. 752; *Johnson v. Dysert*, 70 Kan. 730, 731, 79 Pac. 652; *Bowers v. Railway Co.*, 82 Kan. 95, 107 Pac. 777; *Baker v. Railway Co.*, 85 Kan. 263, 116 Pac. 816; *Eckerd v. Weve*, 85 Kan. 752, 118 Pac. 870.)

Some evidence was rejected which if admitted might have been considered in connection with an allowance of punitive damages. Since no liability for any damages was established, the rulings relating to such evidence are not now important.

The plaintiff made requests for several instructions which involved the proposition that the railroad ticket gave him the privileges of a passenger so far as the matter of boarding the train was concerned. These requests ignored the regulations governing passage on that train and were properly denied.

The court instructed the jury that if the agents of the defendants acted without malice, wantonness, willfulness, fraud or oppression, and the plaintiff failed to secure transportation on the train in question through an honest misunderstanding, he could not recover. The petition was framed on a single definite theory, as it should have been, and charged a violation of the civil right of the plaintiff to be transported by the defendants on terms of equality with other persons without distinction or discrimination on account of his race and color. If the Pullman conductor honestly misapprehended the statements and the attitude of the plaintiff, and as a result honestly inferred that the plaintiff was insisting upon the right to ride upon terms which would violate

regulations applicable to everybody, there was no discrimination against him in either act or intention. Indeed, in that event the failure to secure transportation resulted from the very opposite of discrimination, and the right which the action was brought to vindicate was not infringed. In this court an effort is made to transmute the action into one for negligence of some kind, but the petition and the instructions asked by the plaintiff presented no such theory of the case to the trial court.

The railroad ticket purchased by the plaintiff was good for one day from the date of sale. He went from Pratt to Topeka on the passenger train following the Golden State Limited on the day the ticket was purchased. He could have used the ticket had he so desired, but he chose to purchase another and keep the one first procured as evidence. The court properly instructed the jury that he could not recover the value of the unused ticket as actual damages.

It is not necessary to discuss instructions which were requested and instructions which were given other than those which have been referred to. The case was fully and fairly presented to the jury, and the judgment of the district court is affirmed.