DAVID BAKER, *Appellee*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

No. 18,163.

HEADNOTE BY THE REPORTER.

RAILROAD TRICYCLE—*Negligence—Public Crossing—Personal Injuries*. In an action for damages alleged to have been caused by a railroad employee recklessly driving a railroad tricycle over a public crossing and frightening a horse, the evidence strongly tends to show that the driver of the tricycle was guilty of culpable negligence, and no error appearing in the record the verdict will be sustained.

Appeal from Bourbon district court; JOHN C. CANNON, judge. Opinion filed November 8, 1913. Affirmed.

*John Madden, W. W. Brown,* both of Parsons, and *John H. Crider,* of Fort Scott, for the appellant.

*A. M. Keene,* and *E. C. Gates,* both of Fort Scott, for the appellee.

*Per Curiam:* Action to recover for injury and loss sustained by appellee, whose horse was frightened by

the negligent operation of a railroad tricycle at a public crossing. Some of the conditions existing at the crossing, and the circumstances of the accident, were stated on the former appeal. (*Baker v. Railway Co.*, 85 Kan. 263, 116 Pac. 816.) In effect the jury found that Knight, who was operating the tricycle, saw and appreciated that the horse had become frightened and unmanageable, and yet he recklessly ran the machine down towards the horse, and that if he had stopped when he observed the fright and danger the casualty would have been avoided. Some of the witnesses said that Knight could have stopped the tricycle in a distance of five feet, and the jury found that he could have stopped it without injury to himself in from twelve to fifteen feet. Although the sufficiency of the evidence is challenged, it appears to adequately uphold the verdict. It tends to show that Knight was culpably negligent in failing to stop the machine after he saw the peril of appellee, and also that the fright of the horse increased as Knight approached the crossing. His recklessness is shown by his remark to a witness after the accident, that he "did n't have to stop." The railway company is not liable for the result of a horse taking fright at cars where they are operated in the usual way and at the customary rate of speed, and with due regard to the rights of others. However, in approaching a crossing used by the public it was the duty of Knight to keep a lookout for travelers on and approaching the crossing, so as not negligently to injure them. He was bound to use care commensurate with the danger involved under the circumstances existing at the time and place. Seeing that the horse was frightened at the machine and that the fright and danger was increased by his nearer approach, and having it in his power to stop and avert the peril, he recklessly endangered the safety of appellee by running on towards the horse, and thus rendered the company liable for the resulting injury. Under the cir-

cumstances it was his duty to have used all reasonable available means consistent with his own safety to stop the machine. In view of the testimony as to the situation there, and of the willows and weeds along the track, it can not be held that appellee was guilty of contributory negligence in driving so close to the track before observing the coming tricycle. The slight inconsistencies in the answers to special questions in regard to measurements of space and time did not require the setting aside of the findings and verdict or the granting of a new trial, nor can it be said that the findings are without support in the evidence. The charge of the court fairly presented the issues arising on the evidence to the jury, and the theory that there could be no recovery if Knight honestly erred in his judgment, provided he did what he deemed to be best under the situation as he saw it at the time, was fairly presented in the instructions given.

Judgment affirmed.