No. 19,655.

LUCY E. SLINKER, *Appellant*, v. THE SUMNER COUNTY BUILD- ING & LOAN ASSOCIATION et al. (THE FIRST BAPTIST CHURCH OF WELLINGTON et al., Interpleaders, *Appellees*).

#### SYLLABUS BY THE COURT.

1. SUBORDINATE CHURCH SOCIETIES—*Withdrawal of Members—Owner- ship of Funds.* Members of a church who voluntarily withdraw from the organization forfeit all claim to or interest in a fund raised by a subordinate society of the church for church purposes.

2. SAME—*Evidence—Intent May be Shown.* The rule that where the intent or purpose with which an act was done becomes a material issue, the person who did the thing may testify what his intention was, is applied to the members of an unincorporated society organized by the women of a church to raise funds for the benefit of the church.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed December 11, 1915. Affirmed.

*James Lawrence,* of Wellington, for the appellant.

*Ivan D. Rogers,* and *W. W. Schwinn,* both of Wellington, for the appellees.

The opinion of the court was delivered by

PORTER, J.: This action was brought by appellant in her own name for the benefit of the members of an unincorporated church society, of which she claimed to be the treasurer, to recover upon two certificates issued by The Sumner County Building & Loan Association. The building association disclaims any interest in the controversy and holds the fund by order of the court pending the action. The First Baptist Church of Wellington filed an interplea, claiming the fund and alleging that the money had been raised by the women of the congregation for the purpose of erecting a church building. The certificates were issued originally in the name of Carrie M. Carr, as treasurer of the Ladies' Aid Society of the church, and Mrs. Carr filed an interplea claiming the money for the society. The case was tried by the court largely on oral evidence given by persons affiliated with various factions of the church, including members of several aid and missionary societies organized at different times by the women of the congregation. Upon conflicting evidence the court found against appellant and also against the society represented by Mrs. Carr, and held that the fund is the property of the church.

No substantial ground for reversal of the judgment is suggested in appellant's brief. Mr. Rogers, who is one of the attorneys for the church, was secretary of the building association and made the affidavit showing that other parties claimed the fund and should be interpleaded. He was also called as a witness to identify certain church records. But these matters furnish no basis for appellant's claim that there was collusion between the association and the church. The building and loan association has never claimed any interest in the money represented by the certificates and is not concerned in the result of the litigation.

One objection urged by appellant is that the church as a corporation offered no evidence and yet recovered a judgment. It appeared by its counsel and satisfied the court from evidence,

for the most part oral, given by numerous witnesses that the women of the church raised the money through suppers, social gatherings and various enterprises, and intended it to be used for the purpose of building a church. The evidence shows that the appellant and those acting with her have voluntarily withdrawn from the church. It is settled law that they have no interest in the property of the church, and of course they have no claim to any portion of this fund if it was in fact raised for the benefit of the church. (34 Cyc. 1167; 24 A. & E. Encycl. of L. 353, 355.)

The sole question before the court was one of fact, whether these certificates represent a fund which was accumulated for church purposes. For the first few years the money raised by the church society (sometimes called the Ladies' Aid Society and sometimes the Ladies' Aid and Missionary Society) was used for various purposes, but always for the benefit of the church. At times part of it was used to pay the pastor's salary; again, to repair or furnish the church building. Many of the witnesses testified that a few years later it was determined to use the fund to aid in erecting a new church, and the records of the church showed that in 1910 the congregation adopted a resolution to build a new church and that the Ladies' Aid Society had voted to contribute $1000 for that purpose. Witnesses for appellant testified that the money was not raised with any intention that it should be used to erect a building. Upon conflicting evidence the court found against the appellant, and we shall not waste any time in considering the claim that the judgment is not supported by the evidence.

Appellant claims the court erred in permitting the members of the Ladies' Aid Society to testify to their intention in raising the money and the purpose for which it was to be used. Where the intention with which an act was done is the material fact in issue, a witness who did the thing may testify what his intention was. (*Bice v. Rogers,* 52 Kan. 207, 34 Pac. 796. Seven additional Kansas cases to the same effect are cited in *Williams v. Railway Co.,* 90 Kan. 478, 135 Pac. 671.)

In *Commonwealth v. Walker,* 108 Mass. 309, it was said: "A man's intention is a matter of fact, and may be proved as such." (p. 312.) Apparently the trial court could see no reason why a different rule should apply to a woman. Since we are of the same opinion the judgment will be affirmed.