JOHN KELLY v. PATRICK DALEY.[1]

February 17, 1905.

Nos. 14,188—(170).

**Trespass.**

Findings of the trial court *held* to show that the trespass complained of by plaintiff was committed upon the land described in the complaint, and the judgment appealed from is affirmed.

Action in the district court for Dakota county to recover from defendant $50 for trespass upon land, the alleged damages consisting of the destruction of a fence and the cutting and removing of certain trees. The case was tried before Crosby, J., who found in favor of plaintiff for the sum of $15. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*William H. Gillitt, E. A. Whitford,* and *Albert Schaller,* for appellant.

*Hodgson & Lowell,* for respondent.

BROWN, J.

The facts in this case are as follows: Plaintiff and defendant own adjoining farms. At the time stated in the complaint defendant tore down and destroyed a fence claimed by plaintiff to have been erected by him upon the boundary line between their respective farms, and he brought this action to recover damages for the trespass. The complaint alleged that plaintiff was the owner of the land mentioned therein, which was described by government subdivisions, and that the acts of trespass complained of were committed thereon to plaintiff's damage. The answer is, in effect, a general denial. There is no question, from the evidence, that defendant committed the acts charged by plaintiff. The controversy between the parties is whether the fence was upon the boundary line between the two farms. Whether it was, or was not, was practically the sole issue tried in the court below. The trial was before the court without a jury, and it found that plaintiff had been for more than sixteen years prior to the commencement of the action the

[1] Reported in 102 N. W. 858.

owner of the land described in the complaint; that in the month of
June, 1902, defendant entered thereon and destroyed forty rods of
fence, to plaintiff's damage in the sum of $10; and that he destroyed
certain trees growing upon the land, to plaintiff's damage in the sum of
$5. Judgment was ordered for the plaintiff accordingly, from which
defendant appealed.

The principal point made by defendant on this appeal is that the acts
of trespass complained of by plaintiff were not committed upon the
land described in the complaint, but upon a strip of land adjoining
thereto, title to which, if in plaintiff at all, was acquired by him by ad-
verse possession, and is not included in or covered by the government
subdivisions described in the complaint. Objections were made in the
court below to the admission of any evidence tending to prove plain-
tiff's ownership of this strip by adverse possession, and it is urged in
this court that the court below erred in overruling the objections, and
erred also in finding that the acts of trespass complained of were
committed on the land described in the complaint.

As we have already suggested, the issues presented by the pleadings
narrowed down on the trial to the question whether the fence in contro-
versy was upon the true boundary line between the adjoining farms.
Evidence was introduced by defendant tending to show that the fence
was not upon the line as fixed by the government survey, but, instead,
some twenty feet therefrom upon the land owned by him; while that
offered by plaintiff tended to show that a fence was erected on the line
where the fence in controversy stood, some thirty or forty years ago,
and had been recognized by the owners of the land preceding the
ownership of the parties to this action as the true boundary line. This
evidence was properly received, and from it the court below was re-
quired to determine whether the fence torn down by defendant was or
was not upon the boundary line between the two farms. The findings
of fact referred to above—that defendant entered upon the land of
plaintiff and broke down and removed the fence, and committed other
acts of trespass thereon—are, in effect, that the fence was upon the
true boundary line, and the acts of trespass are thereby found to have
been committed upon the land described in the complaint. If the line
contended for by defendant was the line fixed by the government sur-
vey, he should, by proper application for modified findings, have re-

quested the court so to find; had he done so and the court had found with him, the question argued on this appeal would have been squarely presented. But no such application was made, and we are controlled in the determination of the case by the findings, which, in effect, locate the trespass on the land described in the complaint.

It appears that the fence in question was erected a great many years ago for a distance of about thirty rods to a point on the lake shore, and it may be that it was not erected on the true boundary line. It was not originally extended through the lake, which has since become nearly dry; and what the rights of the parties are respecting this line beyond the shore and through the lake bed, we need not determine. The acts of trespass principally complained of were committed north of the lake. The question whether the line should be extended parallel with the fence erected years ago, and through the lake, which does not appear to have been meandered, is a question which must be determined in some other case. If the line on which the fence was originally constructed became the boundary line by acquiescence of the parties, it does not necessarily follow that it should be extended in a direct course through the lake bed. Benz v. City of St. Paul, 89 Minn. 31, 93 N. W. 1038.

The errors assigned on this appeal are not sufficient to justify a reversal of the case, in view of the effect we must give to the findings of the trial court, and the judgment appealed from is affirmed.

On March 10, 1905, the following opinion was filed:

PER CURIAM.

What was said in the original opinion respecting an extension of the boundary line through the lake bed on a line parallel with the old fence was in view of the probability that the line north of the lake became fixed as such by acquiescence of the parties, and not with a view of deciding the question. While the record is somewhat confused as to the precise location of the trespass complained of, we assumed, from what the trial court said on the trial, that the fence removed by defendant was built on the line of the old one, and north of the lake. We quote for the purpose of explanation what was said on the trial during the examination of plaintiff as a witness:

The Court: Let me see if I understand this right. The fence that was pulled up commenced at the southeast corner— Mr. Gillitt: No, sir— The Court: It commenced at the lake and extended north forty rods. This was a pasture fence, and commenced at the lake and extended north forty rods? A. Yes, sir.

We took this to be a summing up of the exact situation, and as disclosing the real controversy between the parties.

But whether the fence destroyed was, as contended on the application for a rehearing, partly within the lake and partly north of it, can make no difference on this appeal. The controversy between the parties was the true boundary line between the adjoining tracts of land, and the trial court, in effect, found that the one contended for by plaintiff was such line. Defendant's whole case rests upon the claim that the line claimed by plaintiff was not the one fixed by the government survey. But the evidence offered by him tending to show the government line is not conclusive. The findings of the trial court are general, that the allegations of the complaint are true—in effect, that the line claimed by plaintiff was the true one—and no specific findings were requested. Just what the court based the findings upon—whether upon the theory that the line claimed by plaintiff was the true government line, or had become the boundary by acquiescence of the parties—does not appear; and, in the absence of specific findings, disclosing the grounds of its decision, we cannot say that it erred in its general conclusions.

Application for rehearing denied.