# FRED W. DUNKEL v. ALVIN C. ROTH AND OTHERS.[1]

November 7, 1941.

No. 32,734.

[1]Reported in 300 N. W. 610.

*Thomas J. Newman,* for appellants.

*Jack Tarbox,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was a statutory action to determine the boundary line between lots 17 and 18 in block 59, Arlington Hills Addition to St. Paul, pursuant to Mason St. 1927, § 9590. After trial had and findings made, judgment was entered, and defendants appeal.

The facts may be thus summarized: Block 59 is bounded on the east by Arcade street, on the south by Minnehaha street. Both are located upon section lines. As to the court's finding of the true plat location of the line between the mentioned lots, we find no difficulty in sustaining the court. On this phase, in defendants' "view of this case, it is really unimportant where the true platted line between Lots 17 and 18 was because [they think] the evidence conclusively shows a line of practical location defined unmistakably by the picket fence, the west side of the barn, and the west side of the driveway on defendants' property and by the east side of the stone wall on plaintiff's lot." In respect to the location of the picket fence and the barn, both of which extended over the plat lot line and encroached upon plaintiff's lot (a strip about 81 feet in length), the court found for defendants, upon the theory that they and their predecessors in possession had gained title thereto by adverse possession. In respect to the plat line south thereof to Minnehaha street (a strip of about 46 feet in length), the court found against defendants. So the real question here is whether that finding is sustained by the evidence.

The boundary line between the lots is a fraction over 127 feet in length. It runs due north and south, both lots fronting upon Minnehaha street. The property was originally platted in 1872. Some years thereafter St. Paul relocated the section corner, and a

standard city plat showing that fact was duly made and officially filed. Both plats were received in evidence.

Plaintiff is admittedly the owner of lot 17. Defendants are the owners as joint tenants of lot 18. Both plaintiff and defendants took title according to the recorded plat of Arlington Hills Addition to St. Paul.

Defendants by their answer do not claim to be the owners of any part of lot 17 but assert that the disputed strip "lies entirely east of the boundary line" between the two lots. And plaintiff in his brief says: "It is to be noticed that there is no allegation of an intention to claim adversely or that the [defendants'] possession is under a claim of right." Therefore, so he claims, these "essential elements of adverse possession" being absent, defendants can claim no more than the land lying within the true lot line. However, as plaintiff has not appealed, we are not concerned with the question of whether the court rightly decided that defendants had obtained title to the northerly portion of the disputed strip by adverse possession. There only remains for decision here whether the evidence is such as to compel the conclusion that as to the southerly strip there is "a practical location" of the boundary line.

■ The principles of law to be applied were so well stated by Mr. Justice Brown in Benz v. City of St. Paul, 89 Minn. 31, 38, 93 N. W. 1038, 1039, that they should be quoted:

"The practical location of a boundary line can be established in one of three ways only: (1) The location relied upon must have been acquiesced in for a sufficient length of time to bar a right of entry under the statute of limitations; (2) the line must have been expressly agreed upon between the parties claiming the land on both sides thereof, and afterwards acquiesced in; or (3) the party whose rights are to be barred must, with knowledge of the true line, have silently looked on while the other party encroached upon it, and subjected himself to expense in regard to the land, which he would not have done had the line been in dispute."

That case has been cited, applied, and followed in numerous cases since, one of the latest being Lenzmeier v. Ess, 199 Minn. 10, 14, 270 N. W. 677.

■  To determine whether defendants have brought themselves within any one of the "three ways" as limited and defined in the Benz case, a further recital of the facts is deemed necessary: Plaintiff's house is located upon his lot 17 facing Minnehaha street. The structures upon defendants' lot consist of a dwelling house located in the northeasterly corner, next to the alley, facing Arcade street, and immediately to the south a filling station, also facing that street.  So this leaves the southerly portion, some 40 odd feet, open and without any near-by buildings or structures of any kind. The Dunkel family (consisting of plaintiff, his mother, and brother) resided upon their lot from the time it was acquired in 1905 until six or seven years ago.  During these years plaintiff or his brother paid the taxes, mowed the lawn, trimmed certain lilac bushes, and otherwise used and occupied the area now in dispute, a strip consisting of a sodded slope about four feet in width.  Over this period of more than 25 years, those occupying lot 18 never "took care of this strip."  There never was any controversy about the line until defendants came into the picture.  (They acquired their lot about two weeks prior to the commencement of the present action.)  Then for the first time this strip was invaded by Mr. Roth, who dug up the lilac bushes and started to excavate dirt. Naturally, plaintiff objected; hence the present action.

We think the court was justified in coming to the conclusion which it did, since it is obvious that the location relied upon by defendants has not been "acquiesced in" so as to bar a right of entry under the statute of limitations; nor would the evidence sustain a finding that any line had been "expressly agreed upon between the parties claiming the land on both sides thereof, and afterwards acquiesced in."  Likewise, we think, plaintiff cannot be said to have lost his right to the property because of silence on his part.  Certainly neither defendants nor their predecessors in interest have ever subjected themselves to any expense in regard

to their land, which they would not have done had the line been in dispute. We can find none of the required elements as defined in the Benz case.

█ It is true that the result is a jog in the line south of where the old barn stood and thence south to Minnehaha street. But that in and of itself is not sufficient to deprive the true owner of his property. In the Benz case a similar problem was involved. There a stable had been erected and maintained over a considerable period of time, the owner of the lot upon which it encroached having pointed out where the line was, and so relying upon such a line plaintiff erected his stable. The court there said that this evidence was sufficient (89 Minn. 40, 93 N. W. 1040)—

"to sustain the findings, and to create an estoppel precluding Stevens from now disputing the line so pointed out by him, in so far as it refers to the stable. But from this it does not necessarily follow that Stevens is to be deprived of all the land belonging to him east of the supposed line and up to the true line. He can be estopped only from asserting title to the prejudice and injury of plaintiff, and this extends only to that portion of the lot on which the stable is actually located."

For other cases wherein irregular lines or lines containing jogs resulted, see Sage v. Larson, 69 Minn. 122, 71 N. W. 923; Kelly v. Daley, 94 Minn. 253, 255, 102 N. W. 858; Markusen v. Mortensen, 105 Minn. 10, 14, 15, 116 N. W. 1021; Lobnitz v. Fairchild, 186 Minn. 215, 217, 243 N. W. 62. On the general subject of "Practical Location," see also 1 Dunnell, Dig. & Supp. § 1083; 69 A. L. R. Annotation, 1430, 1432, *et seq.,* under II, "Practical Location." Our cases are found cited at p. 1436.

█ Since the "effect of a practical location of a boundary line is to divest" the owner of his property, "the evidence establishing such location should be clear, positive and unequivocal." Marek v. Jelinek, 121 Minn. 468, 471, 141 N. W. 788. Applying that re-

quirement to the evidence here presented, we cannot say that the court's findings are without adequate support.

Judgment affirmed.